Allen B. CROW, Appellant,

v.

CITY OF SAN ANTONIO, Appellee.

No. 12967.

Court of Civil Appeals of Texas.

San Antonio.

Sept. 12, 1956.

Rehearing Denied Oct. 31, 1956.

Lieck & Lieck, San Antonio, for appellant.

Carlos C. Cadena, City Atty., G. Bert Smith, Perry Rowan Smith, Asst. Dist. Attys., San Antonio, for appellee.

W. O. MURRAY, Chief Justice.

This suit was instituted by Allen B. Crow against the City of San Antonio, a municipal corporation, seeking to recover damages for personal injuries received by him on June 6, 1947, when a motorcycle which he was riding struck a rope stretched across Taylor Street at its junction with Fourth Street, both being public streets in the City of San Antonio.

The suit was tried to a jury and the issues submitted were answered favorably to Allen B. Crow, but the trial court granted the city's motion for judgment non obstante veredicto and entered judgment that Allen B. Crow take nothing, from which judgment Allen B. Crow has prosecuted this appeal.

Appellee's motion for judgment non obstante veredicto was based on two grounds: (1) That appellant had not complied with the requirements of Sec. 46 of the Charter of the City of San Antonio, which was in force at the time of the accident, providing in effect that as a prerequisite to the bringing of a suit against the city for personal injuries the injured person, or someone acting in his behalf, should give written notice of such accident within twenty days of its occurrence; (2) that the city employees in stretching the rope across Taylor Street were acting in a governmental capacity and that therefore the city was not liable for their negligence, if any, in doing so.

Appellant contends that the trial court erred in granting appellee's motion for judgment non obstante veredicto.

■ Section 46 of the Charter of the City of San Antonio, which was in effect on June 6, 1947, the date of the accident, reads as follows:

"Before the City of San Antonio shall be liable for damages of any kind, the person injured or someone in his behalf shall give the Mayor notice in writing of such injury twenty days after the same is received, stating in such notice when, where, and how the injury occurred and the extent thereof."

Appellant testified that he did comply with this section of the City Charter in the following manner: Appellant's father went to his brother-in-law and got him to type the following letter:

"To: The Mayor and   June 14th, 1947
Commissioners of   Route 6, box 303
City of San An-   San Antonio, Texas
tonio, Tex.
City Hall

"I wish to advise that my Son, Allen Crow, met with an accident on June 6th, 1947, at Taylor and Fourth Streets in the City of San Antonio, Texas; and by reasons thereof suffered severe injuries.

"We hold the City of San Antonio liable on same, by reasons of the negligence by not keeping an Officer of the Law on duty and failure to place warning signs.

"I believe this notice to you is proper to protect any rights my Son, Allen Crow, might have.

"Respectively yours,
"R. B. Crow."

The letter was placed in an envelope addressed to the Mayor and City Commissioners of San Antonio, Texas, properly stamped, and was then placed in the United States Mail on June 14, 1947, some eight days after the accident. The evidence shows that a letter so addressed should have been delivered at the City Hall on the next day. The evidence further shows that the letter, being addressed to the Mayor and City Commissioners, would have been delivered to J. Frank Gallagher, City Clerk, and if it proved to be a claim against the city he would have sent it to the mayor's office. The City Clerk testified he never received the letter. The then Mayor of San Antonio, Alfred Callaghan, testified that he never saw the letter, as did his two secretaries. There was no record made of the receipt of such a letter, as should have been done if it was received and related to a claim against the city. The jury found in effect that the letter was received by the mayor within the twenty-day period. The

trial court disregarded this finding by the jury and rendered judgment for the city.

There can be no question but that a failure to comply with Sec. 46, supra, is a bar to the bringing of a suit against the city for personal injuries. City of Fort Worth v. Shero, 16 Tex.Civ.App. 487, 41 S.W. 704; City of Beaumont v. Baker, Tex.Civ.App., 95 S.W.2d 1365.

■ There is a legal presumption that a letter properly addressed, postage prepaid, and placed in the United States Mail will be received by the person to whom it is addressed in due course. McCormick & Ray, Texas Law of Evidence, 126, § 70; Wichita Valley Ry. Co. v. Davis, Tex.Civ.App., 275 S.W. 169; Hobson v. Wise County Home Protection Ass'n, Tex.Civ.App., 214 S.W. 583; Opet v. Denzer, Goodhart & Schener, Tex.Civ.App., 93 S.W. 527; Southland Life Ins. Co. v. Greenwade, 138 Tex. 450, 159 S.W.2d 854.

The letter here was addressed to the mayor and commissioners. The testimony of the clerk was to the effect that a letter so addressed, if delivered at the City Hall, would be turned over to him, and if he discovered it related to a claim against the city it would be sent by him to the mayor's office. Under such circumstances, the fact that the letter was not addressed solely to the mayor becomes immaterial. Under the evidence, it would have reached his office anyway.

Appellee seems to contend that when the mayor and city employees testified that they did not receive the letter or at least that they had no recollection of having received it, that the legal presumption that the letter was received disappears, and there remains no evidence that the mayor was given notice, as is required by § 46.

■ It is true that when the addressee of a letter testifies that he did not receive the letter the legal presumption does disappear, but the evidence upon which it was

based does not disappear, and the evidence remains to be weighed by the trier of facts in determining whether the notice was in fact received. There is some conflict among the decisions on this question but a majority of the courts, including those of Texas, agree with the above statement.

The Texas Commission of Appeals, in an opinion adopted by the Supreme Court, in Southland Life Ins. Co. v. Greenwade, 138 Tex. 450, 159 S.W.2d 854, 857, definitely commits this State to the majority rule. We here quote from that opinion, as follows:

"We agree with the company's contention that a presumption, as such, is not evidence and that it vanished as such in view of the opposing evidence; but we do not agree that the evidentiary facts upon which it was established, could no longer be considered by the trier of the facts. Wigmore on Evidence, 2d Ed., sec. 2491. The section just cited states that if substantial contrary evidence is offered 'the presumption disappears *as a rule of law, and the case is in the jury's hands free from any rule,*' and that 'it is therefore a fallacy to attribute probative force to a presumption, increasing for the jury the weight of the facts, *even when the opponent has come forward with some evidence to the contrary.*'

"The foregoing statement is quoted in an annotation upon the subject in 95 A.L.R. p. 880, as 'the rule which is approved by most text writers and the majority of the courts which have discussed the subject.' In a comment note beginning at 121 A.L.R. 1078, the following statement of the rule, as to whether a presumption is in the nature of evidence to be weighed as such against probative facts to the contrary, is made: 'The majority of courts adhere to the view that a presumption of law, as such, is not in the nature *of evidence and has no probative force,*

and that when some *substantial evidence* has been introduced tending to overcome the presumption, it disappears entirely from the case. * * * It is clear, however, *that the facts and circumstances which are the basis of a presumption are themselves evidence to be considered by the jury.* In such cases, it is not *the presumption* that the jury considers, as such; *they merely consider the facts and draw inferences therefrom.*'

"American Jurisprudence, Vol. 20, sec. 166, states the general rule thus: 'The facts which gave rise to a presumption, as distinguished from the presumption itself, are evidentiary; those facts, *when established by evidence,* remain in the record and may be properly considered by the jury *as they tend to sustain a finding of fact* presumed, no matter what other facts the record may reveal. It is not the presumption or inference that the jury considers in such cases, but only the facts and whatever inferences flow therefrom.'

"The prima facie case of due receipt of the letter made out by plaintiff in the present case is not *conclusively rebutted* by the company's evidence tending to establish it was not received; nor is such evidence *so clear, positive and disinterested* as to overcome (other than as a rule of law) the presumption of fact in the insured's favor."

■ Appellee contends that the only kind of notice that will meet the requirements of Sec. 46, supra, is personal service of the mayor with a written notice. We cannot agree. This question is settled by the recent decision of the Supreme Court in McLendon v. City of Houston, 153 Tex. 318, 267 S.W.2d 805.

■ We are not here passing on the question, whether the evidence is legally sufficient to support the jury's finding to the effect that the mayor received the letter,

nor whether such finding is against the great weight and overwhelming preponderance of the evidence. We can only decide whether there is some evidence to support the jury's finding and we do find that there is some evidence. Unless there was no evidence, the judgment non obstante veredicto was improper. Rule 301, Texas Rules of Civil Procedure; Hicks v. Frost, Tex.Civ. App., 195 S.W.2d 606; Texas & P. Ry. Co. v. Hagenloh, Tex.Civ.App., 241 S.W.2d 669, affirmed 151 Tex. 191, 247 S.W.2d 236; Brewer v. Maryland Cas. Co., Tex.Civ. App., 245 S.W.2d 532.

■ It is only permissible for a trial court to render judgment non obstante veredicto where an instructed verdict would have been proper before the cause was submitted to the jury. Hicks v. Matthews, 153 Tex. 177, 266 S.W.2d 846; Walston v. Mabry, Tex.Civ.App., 225 S.W.2d 1014; Rineheart v. Tomerlin, Tex.Civ.App., 227 S.W. 2d 876; Broussard v. Burton Const. & Shipbuilding Co., Tex.Civ.App., 265 S.W. 2d 665.

This brings us to a consideration of the second ground of appellee's motion for judgment, to-wit:

"The evidence in this case shows as a matter of law that the firemen, in placing the rope in question across Taylor Street, were acting in a governmental function for negligence in the performance of which the City is not liable."

Appellee contends that the trial court did not err in granting judgment non obstante veredicto, even though the city employees were guilty of negligence proximately causing appellant's injuries, in barricading Taylor Street with a rope and in failing to place sufficient warning signs on said rope to properly warn a person of ordinary prudence of its presence and in failing to keep an officer, agent or servant to warn traffic of the presence of said rope barricade, because such employees were engaged at the time in a purely governmental function arising out of the police power of the State.

It is undisputed that the sole and only purpose in barricading Taylor Street with a rope was to prevent any travel by motor vehicles on that part of the street barricaded, so that small children attending a church school could go back and forth across the street from one church building to another without danger of being struck by motor vehicles passing along Taylor Street between Fourth and Fifth Streets.

■ It is also clear that a city is not liable for the negligence of its employees when exercising a purely governmental function, but is liable for negligence when such employees are engaged in a proprietary function. The difficulty is in determining just what functions are purely governmental and which are proprietary.

It has been said that governmental functions are those which are performed on behalf of the State for the benefit of the general public, and proprietary functions are those which a city performs primarily for the benefit of the local inhabitants. This general definition is not very helpful in deciding the many questions that arise with reference to the non-liability of cities when its representatives are engaged in duties which are purely a governmental function.

■ It occurs to us that it has definitely been decided in this State that as a general rule the regulation and control of traffic in and by a municipality is strictly a governmental function. City of Austin v. Schmedes, 154 Tex. 416, 279 S.W.2d 326; Baker v. City of Waco, Tex.Civ.App., 129 S.W.2d 499; Parson v. Texas City, Tex. Civ.App., 259 S.W.2d 333.

A well recognized exception to this general rule is the duty of the city to post such directing and warning signs at the site where street construction or improvement is being made, as are reasonably necessary to protect users of the streets from dan-

gers and hazards incident to such construction or improvement. City of Austin v. Schmedes, supra, and authorities there cited. The reason for the exception is that the construction, repair or improvement of streets is a proprietary function.

In the present case there is no contention that the barricading of Taylor Street was in any remote way connected with any proprietary function of the city, such as street repairs or construction.

■ Appellant contends, however, that the street was barricaded primarily for the protection of the children who were attending the Bible class at the First Baptist Church and not for the benefit of the public generally, and therefore the city was not engaged in a purely governmental function. We do not agree. When the employees of a city are controlling or directing traffic not in connection with any proprietary function, such as street repairs, maintenance or construction, they are exercising a governmental function and the city is not liable for the negligence of such employees while performing such duties. Baker v. City of Waco, Tex.Civ.App., 129 S.W.2d 499; Parson v. Texas City, Tex. Civ.App., 259 S.W.2d 333; Crowley v. City of Raymand, 198 Wash. 432, 88 P.2d 858.

■ Appellant says even though the city employees were engaged in a governmental function while stretching the rope across Taylor Street, the city was not exempt from liability, because such rope constituted a dangerous obstruction in the street. To say that the rope constituted a dangerous obstruction in the street, in our opinion, is just another way of saying that the rope barricade constituted a nuisance in the street. In any event, if appellant desired to recover on the theory of a dangerous obstruction or nuisance in the street, he should have requested that the issue of nuisance or dangerous obstruction be submitted to the jury, as it was not conclusively established by the evidence, and his failure to request such an issue was a waiver of this independent ground of recovery. Rule 279, T.R.C.P.; Baker v. City of Waco, Tex.Civ.App., 129 S.W.2d 499; Parsons v. Texas City, Tex.Civ.App., 259 S.W.2d 333; Harris v. Harris, Tex.Civ. App., 174 S.W.2d 996; Utilities Natural Gas Corp. v. Hill, Tex.Civ.App., 239 S.W. 2d 431; Johnson v. Miller, 142 Tex. 228, 177 S.W.2d 249.

The evidence does not conclusively establish that the rope stretched across Taylor Street was a nuisance or dangerous obstruction. The evidence was conflicting as to how big the rope was, as to whether there were cardboard signs on the rope, and as to just how high above the street the rope was stretched. Whether under all the evidence the rope constituted a dangerous obstruction or a nuisance was at most a question of fact to be decided by the finder of facts. 31 Tex.Jur. 421, § 11; Walker v. City of Dallas, Tex.Civ.App., 278 S.W.2d 215; Strickland v. City of Odessa, Tex.Civ.App., 268 S.W.2d 722; City of San Angelo v. Sitas, 143 Tex. 154, 183 S.W.2d 417. We do not find it necessary to determine whether or not the evidence would sustain a finding by the jury as to dangerous physical obstruction or nuisance in the street as such issue was waived by appellant.

We therefore conclude that the trial court did not err in rendering judgment non obstante veredicto and that the judgment so rendered should be affirmed.

Our judgment heretofore entered on July 11, 1956, is set aside and judgment here and now rendered affirming the judgment of the trial court. The original opinion is withdrawn and this opinion is substituted therefor.

Affirmed.