**GLENS FALLS INSURANCE COMPANY,**
Appellant,

v.

**C. C. PETERS, Appellee.**

No. 16524.

Court of Civil Appeals of Texas.

Fort Worth.

May 22, 1964.

Rehearing Denied June 19, 1964.

Thompson, Coe, Cousins & Irons, and R. B. Cousins, Dallas, for appellant.

Ernest May, Fort Worth, for appellee.

LANGDON, Justice.

This is a suit upon a policy of fire insurance on a two-story garage apartment situated in the City of Fort Worth, Texas, which was damaged by fire on August 21, 1962, while the policy was in force. The appellee razed the remnants of the building and sued for the full amount of the policy contending that the provisions of Building Code No. 4155 and the Comprehensive Zoning Ordinance No. 3011 of the City of Fort Worth forbade repairs and thus a total loss was sustained constituting a liquidated demand for $7,500.00 pursuant to Article 6.13, Insurance Code of Texas, 1951, V.A.T.S.

Appellant filed a plea in abatement based upon refusal of appellee to comply with a demand for appraisal of loss as provided by the policy and defended on the merits. Trial was to a jury. By agreement the disposition of the plea in abatement was delayed pending trial. At the conclusion of the evidence the jury in response to the single issue submitted found that a reasonably prudent owner uninsured desiring to rebuild, "would have used the remnant of said structure for restoring said building." Appellee's motion for judgment notwithstanding the verdict was granted. The judgment specifically overruled the plea in abatement, awarded the total amount of the policy and contained three findings of fact as follows, (1) " * * * the Court finds that the fire damage to the plaintiff's building at 1310 Alston Avenue exceeded fifty per cent. of its then physical value;" (2) "that he was ordered by the Housing Official to raze the building, and could have gained no permit for repair;" and (3) "that reconstruction was forbidden by the Zoning Ordinance."

The appellant contends the court erred in overruling its plea in abatement and motion for judgment; in disregarding the jury's findings and granting appellee judgment notwithstanding the verdict and in making findings of facts to support it; in finding

total loss as a matter of law against clear language of the policy to the contrary; in admission of hearsay testimony over objection and on no evidence to support the Court's finding that, "reconstruction was forbidden by the Zoning Ordinance."

We affirm.

The appellant contended by pleading and proof that the building was not a total loss and that its liability was limited to the cost of restoring the building to as good condition as it was before the fire. There was evidence to support the jury's finding. Thus, the building was not a total loss unless the ordinance and code referred to forbade its repair in which event the appellant sustained a total loss under the valued policy law, Article 6.13, Texas Insurance Code, 1951.

If the property is a total loss under the ordinance and code the appraisal provision is not effective under the terms of Article 6.13, Insurance Code of Texas, 1951 because since said article makes a fire insurance policy a liquidated demand upon a total loss nothing remains for appraisal.

There is no suggestion by pleading or proof that the amount of insurance carried by appellee was induced by fraud or deceit.

■ The controlling question to be resolved by this court is whether or not the application of the code and ordinance of the City to the facts of this case constituted a total loss as a matter of law.

On August 23, 1962 the fire damaged building was inspected by a Mr. Dunham of the City Building Inspection Division. His report reflected that the owner was contacted by letter and that a card was posted to raze the building.

Mr. J. A. Cooper, Housing Official for the City of Fort Worth, directed a letter to the appellee on the letterhead of the Building Inspection Division of the City on August 27, 1962. The letter based upon the inspection report of Dunham advised the building did not meet the minimum housing standards of Ordinance No. 4381 and requested the building be razed in compliance with the ordinance within 30 days and the premises cleared of all debris or else be cited to appear and show cause why the building should not be declared a nuisance and condemned. A second notice to the same effect was mailed to appellee on October 1, 1962 extending to November 1, 1962 the deadline for compliance with the previous order.

Mr. Cooper testified that Mr. Dunham who made the original inspection did so under his supervision. That a copy of Dunham's report was sent to the owner and a copy filed in the permanent records of his department. Mr. Cooper testified without qualification that he would not have recommended a building permit because Dunham, the inspector, showed "raze" only in checking his report. He further testified that his office did not have authority to either issue or deny permits for building or repair work. That the department responsible for issuance of such permits checked with his office on application for permits involving buildings damaged by fire and that a recommendation of his office to raze rather than repair had never been overruled by the building commissioner.

Mr. A. B. Baker, a witness called by the appellant, is a contractor in Fort Worth who for 50 years has done mostly residence work. For the past 18 years he has engaged in the repair and remodeling of homes damaged by fire or otherwise and in making estimates for fire insurance adjusters and others. He prepares bids for the purpose of doing repair work on the basis thereof. Mr. Baker inspected the building in question and made a repair bid on it. On cross-examination he stated he made no effort to get a permit to repair or build because he "knew it couldn't be put back," because the "City won't allow it." Thus, Mr. Baker knew from his own vast experience that although in his opin-

ion the building in question could be repaired the City would not permit it.

Mr. C. A. Cockrell, City Building Inspector, inspected the building in question about August 22, 1962 and testified it sustained around 75% damage. He prepared a report but it was lost or misfiled by the City. A Mr. W. J. Thompson, a man of 20 years' employment with various lumber yards and experienced in estimates and appraisal, stated the building was 75% damaged. Fred W. Murphree, an architect, testified the building was a 100% loss. He later qualified his statement by saying that possibly 15% of the material might have been salvaged.

The report of Mr. Dunham's inspection was rather detailed and reflected considerable damage as did the testimony of Mr. Cockrell whose report of his inspection was "misfiled" by the City. The expert witnesses, Thompson and Murphree, by their testimony corroborated the findings of the two inspectors for the City.

Section 104 of the Building Code Ordinance No. 4155 reads: (a) "Buildings or structures to which additions, alterations or repairs are made shall comply with all requirements for new buildings or structures except as specifically provided in this Section." (c) "If an existing building is damaged by fire, deterioration or other causes in excess of fifty percent of its then physical value before such damage is repaired, it shall be made to conform to the requirements of this code for new buildings."

█ It was upon the basis of this ordinance that Mr. Dunham following his inspection recommended in his report which was filed as a permanent record of the City that the building be razed. It was this report that appellant objected to as being hearsay as to Mr. Cooper because the latter upon the basis of Mr. Dunham's report wrote the letter of August 27, 1962 to appellee requesting him to raze the building in 30 days. We believe the reports and testimony concerning same were admissible under article 3731a, § 1, Vernon's Ann.Tex. Civ.St. Cooley v. Texas Department of Public Safety, Tex.Civ.App., 348 S.W.2d 267; Chauvin v. Superior Fire Ins. Co., 283 Pa. 397, 129 A. 326.

No question is raised as to the power of the City to enact its building code nor its power under the general laws to condemn and order removal of the burned apartment. The City Council could delegate administration of the building code and related ordinances to its building commissioner who in turn could delegate to his housing official. We must, therefore, in the absence of proof to the contrary or allegations and proof of fraud presume that Mr. Cooper was acting within his authority and not in excess thereof when he ordered the building razed. 23 Tex.Jur.2d 125, § 82 and authorities cited. On pages 125, 126 of the same text it is stated: "Furthermore, if the act is such as the officer is generally authorized to perform, the existence of facts prerequisite to the taking of the action will also be presumed, provided, of course, that there is no evidence to the contrary." Thus in the absence of evidence to the contrary it will be presumed that the property in issue was situated in "D" zoning and affected by the ordinance relating thereto.

In a further attack upon the second finding of the court to the effect that appellee was ordered to raze and could have gained no permit for repairs the appellant refers to portions of the letters from the City to appellee reading, "Be sure to obtain a building permit before making any repairs to the dwelling or a wrecking permit before tearing the dwelling down", and "you were given thirty days in which to have the building razed or repaired,"—Mr. Cooper testified in effect that the letters were printed forms and by some oversight the reference to "repairs" and "repaired" were not crossed out. It appears rather obvious that where one is ordered to "raze" he does not have the alternative to repair and that under such directions appellee could only

obtain a wrecking permit. The appellant's witness, Baker, was apparently aware of this when he testified in essence that the City would not allow the building to be put back.

■ The appellee was under no obligation to appellant to contest the finding of the building commissioner. Larkin v. Glens Falls Ins. Co., 80 Minn. 527, 83 N.W. 409; Lux v. Milwaukee Mechanics' Ins. Co., 221 Mo.App. 999, 295 S.W. 847; New Orleans Real Estate M. & S. Co. v. Teutonia Ins. Co., 128 La. 45, 54 So. 466. In the Louisiana case it was written: "The action of the city engineer was presumably right. The real parties having an interest to contest it were * * * the defendant companies. The defendants had no right to require plaintiff to pull the chestnuts out of the fire for them; to play buffer between them and the city authorities."

In Larkin v. Glens Falls Ins. Co., supra, the Minnesota Supreme Court expressed uncertainty whether Glens Falls was barred by the finding of the building inspector, but declared the rule of evidence that should prevail here: "* * * whether the determination of the inspector * * * is final or not, we need not determine. In any event, the decision * * * should be disturbed only upon very clear grounds. * * * The burden to overturn it was upon the defendant, because the defendant alone called it in question. * * * the only evidence offered by the defendant * * * was the estimate of the cost of repairing the building, which was made by a builder soon after the fire. Such evidence * * * would be insufficient, standing alone as it does, to overturn the judgment of the inspector." The case further held that pleading and proof of fraud was necessary to circumvent the ruling of the city building inspector.

The appellant argues that the decision in the case of Scanlan v. Home Ins. Co., Tex. Civ.App., 79 S.W.2d 186, has no application to the facts of this case because the policy here involved contains the provision that: "without allowance for any increased cost of repair or reconstruction by reason of any ordinance or law regulating construction or repair, * * *" which provision was devised by the framers of the policy to avoid the legal effect of the Scanlan decision. In the Scanlan case the phrase was: " 'This Company shall not be liable * * * beyond the actual value destroyed by fire, for loss occasioned by ordinance or law regulating construction or repair of buildings * * *.' " We believe the decision in the Scanlan case applies with equal force to the policy here involved in holding, "(the stipulation) has reference to cases where the loss of the insured property is partial only and not to cases of total loss to which the valued policy law is applicable. But, conceding that the intent of the stipulations was to so contract against the effect of the laws and ordinances as to render partial a fire loss which otherwise would be total, thus limiting the liability of the insurer, such stipulations are ineffectual for such purpose. Being in contravention of the statute, they are void." 79 S.W.2d 186, p. 189. The opinion continues, "The business of insurance is of public concern and therefore subject to strict regulation and control by the state. Hence the rights of parties to contract with respect to insurance are limited by the laws of the state which are a part of every such contract. And any stipulation in an insurance policy which contravenes the statute is void. Export Ins. Co. v. Axe (Tex.Com.App.) 58 S.W.(2d) 39, 40; Reliance Ins. Co. Philadelphia v. Nichols (Tex.Civ.App.) 56 S.W.(2d) 479." In the Axe case, supra, it was held, that recovery for fire loss must be measured by the valued policy law " 'which provides that a fire insurance policy, in case of a total loss by fire of property insured, shall be held to be a liquidated demand against the company for the full amount of the policy, and the purpose thereof was to make all such policies, in cases of total loss, valued policies without reference to stipulations contained in them, which would

give them a different character but for the statute which becomes a part of every such contract.' " Scanlan v. Home Ins. Co., Tex.Civ.App., 79 S.W.2d 186, 189.

Under the facts of this case the appellee sustained a total loss of his building when he was ordered to raze and in effect was forbade the right to rebuild. Under such circumstances the policy became a liquidated demand for the entire amount thereof under the valued policy law, Art. 6.13, Insurance Code of Texas, 1951. All of the appellant's points of error are overruled and the judgment of the trial court affirmed.

Affirmed.