**Chester R. MORRIS, Appellant,**

v.

**Anthony P. ROUSOS and Medical Protective Co., Appellees.**

**No. 11347.**

Court of Civil Appeals of Texas.

Austin.

Dec. 8, 1965.

Rehearing Denied Jan. 5, 1966.

Chester R. Morris, Austin, for appellant.

Waggoner Carr, Atty. Gen., Hawthorne Phillips, T. B. Wright, J. C. Davis, Pat Bailey, Asst. Attys. Gen., Brown, Sparks & Erwin, Will G. Barber, Austin, for appellees.

PHILLIPS, Justice.

This case involves an appeal from the District Court wherein appellant Morris sought damages against the appellee Dr. Rousos for certain alleged acts of the appellee resulting from appellant's commitment to the Austin State Hospital. Appellant also joined the Medical Protective Company, the professional liability insurer of appellee, as a party to the suit.

The trial court sustained the motion for summary judgment of appellee Rousos and also sustained the plea in abatement of appellee Medical Protective Company.

We affirm the judgment of the trial court.

Appellant is before this Court on six points of error, the first two complaining of the trial court in granting appellee Rousos' motion for summary judgment, the third being the error of the court in not granting appellant's motion for summary judgment. Appellant's fourth and fifth points of error complain of the trial court's granting Medical Protective Company's plea in abatement. Appellant's sixth point of error is that of the trial court in denying appellant's motion for change of venue.

We overrule these points.

This case is similar to and is governed, for the most part, by our two prior opinions involving this same appellant. See Morris v. Nowotny et al., 323 S.W.2d 301, and Morris v. University of Texas et al., 348 S.W.2d 644. In these cases, as here, appellant brought suit against certain officials of the University of Texas for acts allegedly arising out of the above-mentioned commitment. We held that where public officials are charged by general language with wrongful and malicious acts and conduct that such pleading should not be liberally construed or that any intendments should be entertained in aid of the pleading. We held that the valid, sound and legal presumption is that pub-

lic officials perform their duties in a fair and efficient manner and that when the contrary of this presumption is averred, it should be specific and detailed. Conclusions unsupported by facts will not suffice.

Most of the allegations against appellee are similar to those leveled against appellee and other officials in the former Morris cases cited above. Possible new allegations of wrongdoing on the part of the appellee Rousos is that he had written a letter stating that appellant "was suffering either from a presenile psychosis or an early cerebral arteriosclerotic change." That appellee had not examined appellant and therefore could not have validly made such a diagnosis. The copies of the above-mentioned letter were retained in the files at the University where prospective employers of appellant had access to them. That these prospective employers had seen the letters and consequently had not employed appellant or had discharged him after employment. That appellant was damaged in the sum of some $90,000.00 because of these acts of appellee.

Appellee Rousos set forth in his motion for summary judgment that the pleading of the appellant failed to adequately allege that the appellee had intentionally and willfully committed an unlawful act injurious to appellant, and that the pleading of appellant failed to adequately allege a cause of action against appellee upon which a claim for money damages could be predicated.

The supporting affidavits to appellee's motion for summary judgment state that appellee was, at all times material to the instant litigation, a physician licensed to practice in Texas; that he was at all times material to this litigation an employee of the University of Texas, an agency of the State of Texas, with duties at the student health center; that the medical opinions expressed in the affidavit executed by appellee in Cause No. 1801 in the County Court of Travis County, Texas styled State of Texas v. Chester R. Morris, concerning this appellant were based upon sufficient observation and examination to arrive at such medical opinion.

■ Again we must strictly construe these pleadings of appellant so as to achieve substantial justice and we must hold that they do not adequately allege that appellee has intentionally committed any unlawful act injurious to appellant. When confronted by appellee's motion for summary judgment with the attendant affidavit, appellant was unable to respond with even the vaguest suggestion of proof to the surmise and conclusions he had plead. A reading of appellant's petition, which is eighty-five pages long, demonstrates that all of the officials of the University named therein were well aware of his pattern of conduct. Consequently, it would be folly under the facts of this case to single out the appellee, a licensed psychiatrist, from these officials as one being without sufficient facts upon which to base a diagnosis of appellant.

Likewise, in view of the summary judgment proceeding, there is insufficient pleading and "summary judgment evidence" that appellee willfully or maliciously placed false information in appellant's record which acted as a detriment to his employability.

■ The trial court was correct in granting appellee Medical Protective Company's plea in abatement. Appellee Rousos' liability insurance policy contains a valid and enforceable provision precluding any action against Medical Protective Company "unless brought after the amount of such loss shall have been fixed * * * by a final judgment against the insured. * * *" Appellant's pleadings show on their face that no such prior judgment has been rendered against Rousos. See Pattison v. Highway Insurance Underwriters, Tex.Civ.App., 278 S.W.2d 207, writ ref.,

n. r. e.  See also Rule 51(b) Texas Rules of Civil Procedure.

We overrule appellant's sixth point of error which was that of the trial court in refusing to grant appellant's motion for a change of venue.  Appellant himself brought this suit in Travis County.  We hold that the trial court did not abuse his discretion in refusing appellant's motion.  See Bennett v. Jackson, Tex.Civ.App., 172 S.W.2d 395, writ ref., w. o. m.; Texas & N. O. Ry. Co. v. Wilkerson, Tex.Civ. App., 260 S.W.2d 912.  This is especially true inasmuch as the case was correctly decided by a summary judgment.

We affirm the judgment of the trial court.

Affirmed.

ARCHER, C. J., not participating.