**Preston SPRAY et ux., Appellants,**

v.

**Johnnie STASH and Senter and Senter Real Estate, Appellees.**

No. 4768.

Court of Civil Appeals of Texas, Eastland.

April 18, 1975.

Rehearing Denied May 16, 1975.

Larry S. Parnass, Parnass & Hill, Irving, for appellants.

Stanley P. Wilson, McMahon, Smart, Wilson, Camp, Lee & Surovik, Abilene, for appellees.

RALEIGH BROWN, Justice.

This is a summary judgment case. Preston Spray et ux., Beatrice Spray, sued Senter and Senter Real Estate, a real estate brokerage firm and its agent, Johnny Stash, for damages for alleged misrepresentations in a real estate transaction. The Sprays contend Stash's misrepresentations to purchasers of their land resulted in a recission of the sale in a suit brought by the purchasers against them, Senter and Senter and its agent, Stash. By cross-action, Senter and Senter sought judgment for unpaid balance of an installment promissory note in the original sum of $3,600 plus attorneys' fees.

The record reflects Spray and wife, with the efforts of Stash, sold property to Lloyd and Helen Randolph. Shortly after the sale, the Randolphs became discontented with the land because of a water drainage problem. They sued Spray and wife, Senter and Senter and Stash seeking recission of the contract of sale. The basis of their suit was that misrepresentations had been made to them concerning the flooding problem. The defendants answered asserting that full disclosure as to the water problem had been made. Prior to submission to the jury in that case, a non-suit was taken as to Senter and Senter and Stash. Based on the jury's verdict, judgment was entered favoring the Randolphs. A settlement agreement was then entered into between the Sprays and the Randolphs, a new trial granted, and an order of dismissal with prejudice entered. Spray and wife then instituted the present proceedings.

The trial court granted summary judgment for Senter and Senter Real Estate and Johnnie Stash. Preston Spray and wife, Beatrice, appeal.

The first point of error urged by Spray is:

"The trial court erred in granting summary judgment for defendant because the defendants' motion for summary judgment did not meet the requisite qualifications of specificity under Texas Rules of Civil Procedure, rule 166–A(c)."

Rule 166–A, as amended effective January 1, 1971, reads in part as follows:

". . . The motion for summary judgment shall state the specific grounds therefor."

The motion urged by Senter and Senter and Stash contained as grounds therefor, the following:

"That based upon the affidavit attached hereto and upon the pleadings, the admissions and the interrogatories on file and the answers thereto, there is no genuine issue as to any material fact involved in this cause and said defendants and each of them are entitled to judgment as a matter of law, that the plaintiffs take nothing by their suit and that the defendants and each of them recover their costs; and that Super Speed Racing, Inc., doing business as Senter and Senter Real Estate, is also entitled to judgment upon its cross-action in the amount of $2,294.71 plus reasonable attorneys' fees and interest upon both such amounts, as well as all costs by it incurred."

■ Although the motion for summary judgment of Senter and Senter Real Estate and Johnnie Stash fails to meet the standard of specificity as required by Rule 166–A, we hold such requirement may be waived. The record reflects no exception was taken by Spray as to the specificity of the defendant's motion, therefore, the specificity requirement is waived. Rule 90, T.R.C.P.; Maberry v. Julian, 479 S.W2d 770 (Tex.Civ.App.—Dallas 1972, writ ref. n. r. e.); Youngstown Sheet & Tube Co. v. Penn, 363 S.W.2d 230 (Tex.1962).

The point of error is overruled.

The Sprays next argue there are genuine issues of fact. The record establishes that in response to request for admissions in the case at bar, the Sprays admitted the matters contained in their pleadings in the cause brought by the Randolphs against

them, Senter and Senter, and Stash were true and correct. Such pleadings contain the following allegations:

"Spray and Senter would show the Court and jury that the Randolphs received actual notice of a water problem existing with regard to the land purchased from the Sprays by the Randolphs given to the Randolphs by the Sprays and Johnny Stash and surrounding neighbors of the land, and that such notice given to the Randolphs by Sprays, Stash and the neighbors placed a duty upon Randolph to inquire as to the extent and nature of the water problem existing with regard to the land he purchased from Third Party Defendants Spray."

As stated in American Title Company v. Smith, 445 S.W.2d 807 (Tex.Civ.App.—Houston (1st Dist.) 1969, no writ):

"Admissions of fact made in response to a formal request for admissions under Rule 169, Texas Rules of Civil Procedure, constitute judicial admissions, and the party who has formally admitted a fact cannot introduce evidence to the contrary. Thornell v. Equitable Life Assurance Society of U. S., 385 S.W.2d 716 (Tex.Civ.App.—Texarkana (1964); McCormick v. Stowe Lumber Company, 356 S.W.2d 450 (Tex.Civ.App.—Austin 1962, error ref. n. r. e.); Pacific Finance Corporation v. Rucker, 392 S.W. 2d 554 (Tex.Civ.App.—Houston 1965)."

The court in Sprouse v. Texas Employers' Insurance Association, 459 S.W.2d 216 (Tex.Civ.App.—Beaumont 1970, writ ref. n. r. e.), states:

"A 'judicial admission' is a conclusive admission as long as it remains in the case. Thornell v. Equitable Life Assurance Society of United States, 385 S.W. 2d 716 (Tex.Civ.App.—Texarkana, 1964, no writ)."

See also Browning, Admission, 42 Texas L.Rev. 723 (1964).

The Sprays have judicially admitted that both they and Stash gave the Randolphs actual notice of the water problem existing with regard to the land purchased. Such admission is binding on the Sprays in the case at bar. Therefore, there can be no issue of fact as to whether Johnnie Stash made an improper misrepresentation to the Randolphs concerning the water problem in the present cause.

Our Supreme Court in Gibbs v. General Motors Corporation, 450 S.W.2d 827 (Tex.1970), stated the rule to be followed in rendering or affirming a summary judgment as follows:

"In such cases, the question on appeal, as well as in the trial court, is not whether the summary judgment proof raises fact issues with reference to the essential elements of a plaintiff's claim or cause of action, but is whether the summary judgment proof establishes as a matter of law that there is no genuine issue of fact as to one or more of the essential elements of the plaintiff's cause of action."

An application of the rule to the case at bar requires an affirmation of the trial court. We have considered all points of error and overruled them.

The judgment is affirmed.