CITY OF SAN ANTONIO'S FIREMEN'S AND POLICEMEN'S CIVIL SERVICE COMMISSION, Appellants,

v.

Michael VILLANUEVA, Appellee.

No. 16663.

Court of Appeals of Texas, San Antonio.

Dec. 30, 1981.

Rehearing Overruled Feb. 24, 1982.

Crawford B. Reeder, Jake Talley, Jr., Asst. City Attys., San Antonio, for appellants.

Mayo Galindo, San Antonio, for appellee.

Before KLINGEMAN, CLARK and BASKIN, JJ.

## OPINION

KLINGEMAN, Justice.

This is an appeal by the City of San Antonio's Firemen's and Policemen's Civil Service Commission (City) from a summary judgment reinstating Michael Villanueva (Villanueva) to his former classified position of patrolman in the City Police Department, reimbursing him for all of his lost back pay, and awarding him attorney's fees.[1] Prior to February 29, 1980, Villanueva was a duly appointed and enrolled patrolman in the City Police Department. On that date Villanueva was charged with violation of the Civil Service Commission rules of the City of San Antonio and indefinitely suspended pursuant to Tex.Rev.Civ.Stat. Ann. art. 1269m, § 16 (Vernon 1963). In compliance with the provisions of article 1269m, section 16, Villanueva appealed to the Firemen's and Policemen's Civil Service Commission. The Commission found Villanueva guilty of the charged offense and ordered him removed and dismissed from the police department. Villanueva filed suit in the district court of Bexar County in effect contending that the charges against him were void and that the decision of the Commission was supported by insufficient evidence. After the City answered, Villanueva filed his motion for partial summary judgment asserting that there was no genuine issue as to any material fact and that he was entitled to judgment against the City as a matter of law. Such motion is premised on the following grounds: (1) the Chief of Police failed to follow the mandatory prerequisite procedures called for in the Collective Bargaining Agreement between the City and the San Antonio Police Officers' Association previous to the time Villanueva was indefinitely suspended from his classified position in the City Police Department, and (2) the City Commission failed to make, file, and enter a written

1. Once the motion for partial summary judgment was granted the parties agreed on the amount of attorney's fees and the judgment awards such attorney's fees. The question of attorney's fees is not involved in this appeal.

order signed by all three Commission members making fact findings and permanently dismissing Villanueva from his classified position of patrolman in the City Police Department within a period of thirty days from March 5, 1980, the day that Villanueva timely appealed his suspension to the Firemen's and Policemen's Civil Service Commission, which requirement is mandatory and jurisdictional.

Such motion for partial summary judgment is supported by the affidavit of Villanueva to the effect that prior to the time he was suspended he was not notified that he would be indefinitely suspended, nor was he given any reason for the contemplated action that was taken against him; and that he was not notified by the Chief of Police that he would have a reasonable time to rebut the charges against him.

The City's response to such motion for partial summary judgment asserted (1) the Chief of Police did not fail to follow a mandatory prerequisite procedure called for by the Collective Bargaining Agreement before he indefinitely suspended Villanueva; (2) even if the Chief of Police did not follow the mandatory prerequisite procedures, the Collective Bargaining Agreement does not provide that failure to give notice of contemplated disciplinary action voids charges served upon a policeman and the Commission's order upholding such charges, and, additionally, article 1269m does not require such notice; (3) the requirements of article 1269m, section 5b that Commission decisions shall be signed by the concurring Commissioners does not apply to proceedings under article 1269m, section 16; (4) if section 5b does apply then its language is directory and not mandatory in the sense that failure of all Commissioners to sign the dismissal order renders the same void or voidable.

■ City's first point of error contends that the partial summary judgment should be reversed because there is no pleading to support either of the two asserted grounds for partial summary judgment. This point of error is without merit. City filed no exceptions to the sufficiency of Villanueva's First Amended Original Petition nor did it raise the issue in response to Villanueva's motion for partial summary judgment. City's response to the motion for partial summary judgment contains no exceptions to the pleadings and City raises this issue for the first time on appeal.

Tex.R.Civ.P. 90 provides that every defect, omission, or fault in a pleading either of form or substance which is not specifically pointed out shall be deemed to have been waived by the party seeking reversal on such account. Rule 166–A(c) provides that issues not expressly presented to the trial court by written motion, answer, or other response shall not be considered on appeal as grounds for a reversal.

Moreover, after Villanueva filed his motion for partial summary judgment City did not raise the issue of any defect or omission in the pleadings. The Supreme Court in *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671 (Tex.1979), discusses in some detail the burden imposed on a non-movant when a motion for summary judgment has been filed, stating:

> With the exception of an attack on the legal sufficiency of the grounds expressly raised by the movant in his motion for summary judgment, the non-movant must expressly present to the trial court any reasons seeking to avoid movant's entitlement such as those set out in Rules 93 and 94 and he must present summary judgment proof when necessary to establish a fact issue.

*Id.* at 678.

The Supreme Court further stated:

> The non-movant must now, in a written answer or response to the motion, expressly present to the trial court those issues that may defeat the movant's right to a summary judgment and failing to do so may not later assign them as error on appeal.

*Id.* at 679.

In *Jones v. McSpedden*, 560 S.W.2d 177 (Tex.Civ.App.—Dallas 1977, no writ), although the motion for summary judgment failed to specify the grounds, the non-movant's response contained no exception there-

to. The court stated: "If it had the defect could easily have been cured by amending the motion. Since no exception was filed we hold that this defect was waived." *See also Spray v. Stash*, 523 S.W.2d 262 (Tex. Civ.App.—Eastland 1975, writ ref'd n.r.e.).

City has waived any omission or defect in the pleadings as grounds for a reversal on this appeal. City's first point of error is overruled.

■ City's second point of error asserts that there was substantial compliance with the Collective Bargaining Agreement's procedure for disciplinary actions and in any event the agreement does not provide that failure to comply renders void subsequent proceedings in such disciplinary action, thus such agreement does not take precedence over the applicable provisions of Tex.Rev. Civ.Stat.Ann. art. 1269m (Vernon 1963).

The procedures for disciplinary action which are in question here are set out in "An Agreement Between the City of San Antonio and the San Antonio Police Officers' Association Fiscal Year 1979–1980." Entered into pursuant to Tex.Rev.Civ.Stat. Ann. art. 5154c–1 (Vernon Supp. 1971– 1980), the agreement addresses disciplinary actions in the following terms:

### ARTICLE XXV—DISCIPLINARY ACTIONS

A. The Chief shall have authority to demote, temporarily suspend not to exceed thirty working days, or indefinitely suspend any employee for the causes set forth in the Rules and Regulations of the Civil Service Commission for Firemen and Policemen of the City. The employee may appeal such action as provided herein.

B. Prior to any such disciplinary action, the employee shall be given notice of contemplated disciplinary action, stating the action or actions contemplated and the reasons therefor and notifying the employee that he may rebut the charges to the Chief, either orally or in writing, within a reasonable time.

C. After the notice and opportunity for rebuttal provided in the proceeding paragraph, the Chief may demote, suspend or indefinitely suspend an employee by personal service on the employee of a written statement of charges.

\*   \*   \*   \*   \*   \*

■ Appellee's affidavit states that he was neither given notice of the proposed charges nor advised that he would have a reasonable time to rebut the charges to the Chief before he was indefinitely suspended. Appellant's single attempt to controvert this evidence consisted of the inspector's affidavit stating that he directed a subordinate to notify appellee of the contemplated action of dismissal. Since Rule 166–A(e) requires opposing affidavits to be made on personal knowledge, such evidence is insufficient to controvert appellee's testimony of no notice. Appellee's uncontroverted testimony of no notice established non-compliance with the Collective Bargaining Agreement's procedures for disciplinary actions. Therefore, sufficient evidence has been established to support a summary judgment if the failure to comply renders void subsequent proceedings in such disciplinary actions.

Tex.Rev.Civ.Stat.Ann. art. 5154c–1 (Vernon Supp. 1971–1980), entitled "The Fire and Police Employee Relation Act," gives firefighters and policemen "the right to organize for purposes of collective bargaining." *Id.* § 2(b)(1). Section 4 of this article states:

[c]ities, towns, and other political subdivisions within the state employing firefighters and/or policemen shall provide those protective service employees with compensation and other conditions of employment that are substantially the same as compensation and other conditions of employment which prevail in comparable private sector employment, . . . .

*Id.* § 4. Section 8 of this article states: [w]henever a public employer and an association reach an agreement on compensation and/or other terms and conditions of employment for firefighters or policemen, pursuant to the provisions of this

Act, the public employer shall be deemed to be in compliance with the requirements of Section 4 hereof as to such terms and conditions of employment for the duration of the agreement. The agreement shall be enforceable and shall be binding upon the public employer, the association, and the firefighters and policemen covered therein.

*Id.* § 8. Therefore, the Collective Bargaining Agreement in question here, entered into pursuant to article 5154c–1, has the force and effect of law.

Section 20(b) of this article states:

[p]rovisions of collective bargaining contracts made pursuant to this Act shall take precedence over state or local civil service provisions whenever the collective bargaining contract, by agreement of the parties, specifically so provides.

*Id.* § 20(b). Pursuant to this provision the Collective Bargaining Agreement provides:

K. Unless otherwise provided in this contract, in cases of conflict, the provisions of this contract will control over Article 1269m, Civil Service Commission Rules, and American Arbitration Rules; and Article 1269m and Civil Service Rules promulgated pursuant to it shall control over American Arbitration Association Rules.

Therefore, the parties have agreed that the provisions of the agreement shall control over state and local civil service provisions.

Section 20(d) of this article further states:

Nothing contained in this Act shall be deemed a limitation on the authority of a fire chief or police chief of a city under Chapter 325, Acts of the 50th Legislature, 1947 (Article 1269m, Vernon's Texas Civil Statutes), except to the extent the parties through collective bargaining shall agree to modify such authority.

*Id.* § 20(d). Here the parties, through collective bargaining, have agreed to modify the authority of the Chief of Police under article 1269m by requiring the giving of notice of the proposed charges and the opportunity to have a reasonable time to rebut the charges before being indefinitely suspended under the provisions of article 1269m.

Neither article 1269m nor the Collective Bargaining Agreement provides that failure to follow its stated procedures renders subsequent procedures void. The Texas Supreme Court, however, has stated that:

"The full performance of all conditions established by the civil service laws is an essential prerequisite to the jurisdiction of the removing body over the subject matter of the removal of an officer."

*Bichsel v. Carver,* 159 Tex. 393, 321 S.W.2d 284, 285 (1959) (*quoting City of Sherman v. Arnold,* 148 Tex. 516, 226 S.W.2d 620 (1950)). Likewise, in *City of San Antonio v. Poulos,* 422 S.W.2d 140 (Tex.1967), the Texas Supreme Court affirmed a trial court's order setting aside the permanent dismissal by the Civil Service Commission of a police detective because the police chief failed to strictly comply with the removal procedures of article 1269m, section 16. Although these cases address the statutory provisions set out in article 1269m, compliance with the Collective Bargaining Agreement procedures must be construed in light of these decisions. The City has committed itself by solemn contract to comply with the procedural safeguards bargained for by employees under the collective bargaining procedure specifically sanctioned by the legislature of this State. *See* Tex.Rev.Civ.Stat. Ann. art. 5154c–1 (Vernon Supp.1971–1980). We are firmly bound by the precedents cited above and cannot excuse the City's violation of its contractual obligations, regardless of any reservations we might have about the wisdom of the underlying agreement and its statutory foundation. As a result, we find that the notice provision in question here is mandatory and failure to comply renders subsequent disciplinary proceedings void.

The summary judgment evidence establishes that the Police Chief did not comply with the notice provision of the Collective Bargaining Agreement. We have concluded that the partial summary judgment ordering the reinstatement of appellee should be affirmed.

Having found compliance with said notice provision to be essential to vest the Commission with jurisdiction over removal proceedings, it is not necessary to address appellant's third point of error which asserts that the article 1269m, section 5b requirement that concurring Commissioners sign Commission decisions does not apply to section 16 proceedings and, in the alternative, that such requirement is directory rather than mandatory.

The judgment is affirmed.

## ON APPELLANT'S MOTION FOR REHEARING

Appellant contends in his first point of error that this court erred in holding that the affidavit of Inspector Foresman setting forth that he ordered appellee's commanding officer to give appellee the notice of contemplated charges is "insufficient to controvert appellee's testimony of no notice."

█ The Inspector's affidavit avers on personal knowledge that he gave the order to appellee's commanding officer to give the required notice to appellee. Appellant asserts that there is a presumption that a public officer will discharge and has discharged his duty. While appellant is correct in this assertion, it should be noted that this presumption exists only where there is no evidence to the contrary. *See Morris v. Rousos*, 397 S.W.2d 504, 506 (Tex.Civ.App.—Austin 1965, writ ref'd n.r.e.); *Glen Falls Insurance Co. v. Peters*, 379 S.W.2d 946 (Tex.Civ.App.—Fort Worth 1964, no writ). Appellant recognizes that appellee's evidence of non-notification negated the presumption of notification but relies upon *Crow v. City of San Antonio*, 294 S.W.2d 899 (Tex.Civ.App.—San Antonio 1956) *rev'd on other grounds*, 157 Tex. 250, 301 S.W.2d 628 (1957), for the proposition that "the evidence upon which it [the presumption] was based does not disappear, the evidence remains to be weighed by the trier of facts ...." *Id.* at 901–02. Appellant concludes that a fact issue based upon the evidence which gave rise to the presumption of notification precludes the trial court's rendition of a summary judgment.

Appellant's reliance on *Crow* is misplaced. The legal presumption in *Crow* was "that a letter properly addressed, postage prepaid, and placed in the United States Mail will be received by the person to whom it is addressed in due course." *Id.* at 901. The testimony of the addressee that he did not receive the letter negated the legal presumption of receipt, but the evidence which established the legal presumption of receipt remained "to be weighed by the trier of facts." *Id.* at 901–02.

The distinction in *Crow* is that there were facts (i.e., testimony that a letter was mailed with appropriate postage and correct address) which could be weighed by the trier of facts. In the case at bar, appellant presented no evidence to controvert appellee's affidavit which stated that he received no notice. Absent the presumption that the officer did his duty, the inspector's affidavit simply stated that he told someone to give notice. There was no evidence to establish personal knowledge of the giving of notice to appellee and no evidence to be weighed by the trier of facts. Since Tex.R.Civ.P. 166–A provides that "[a] summary judgment may be based on uncontroverted testimonial evidence of an interested witness" we have determined that appellee has set forth positive evidence to rebut the presumption that the officer did his duty. Therefore, we were correct in stating that the inspector's affidavit was "insufficient to controvert appellee's testimony of no notice."

We have considered appellant's second and third points of error and have determined that we correctly decided these points. The motion for rehearing is overruled.