O. K. JONES and Ted Hunt,
Jr., Appellants,

v.

R. L. McSPEDDEN, Paul Hamby and
Charles C. Shaver, Appellees.

No. 19336.

Court of Civil Appeals of Texas,
Dallas.

Dec. 8, 1977.

Rehearing Denied Jan. 5, 1978.

David C. Lair, Dallas, for appellants.

B. J. Stephens, Stephens & Stephens, Dallas, for appellees.

GUITTARD, Chief Justice.

This appeal raises questions concerning waiver of defects in a motion for summary judgment and the affidavit supporting it and concerning the sufficiency of an opposing affidavit. The litigation began as a suit on a promissory note against a corporation and five of its stockholders as guarantors.

Three of the guarantors, R. L. McSpedden, Paul Hamby and Charles C. Shaver, filed a cross-claim against the other two guarantors, O. K. Jones and Ted Hunt, Jr., on an indemnity agreement. Before the main suit was tried, cross-plaintiffs filed a motion for summary judgment, which the court granted. After trial of the main cause before a jury, judgment was rendered for plaintiffs against all defendants, and the final judgment incorporated the summary judgment in favor of cross-plaintiffs. Cross-defendants filed a motion for new trial, which was overruled, and the only complaints on this appeal are directed to the judgment against cross-defendants on the indemnity agreement.

Two of cross-defendants' points attack the summary judgment for defects in the motion and the supporting proof. Cross-defendants point out that the motion does not state the specific grounds for summary judgment, as required by rule 166–A(c), Texas Rules of Civil Procedure, and they assert that there is no properly authenticated copy of the indemnity agreement attached to the motion, since the only purported copy of the agreement in the record is an unsworn photocopy attached to the cross-claim. Neither of these defects was pointed out to the trial court before the partial summary judgment was rendered, or even before the final judgment was signed, but both were assigned as error in cross-defendants' motion for new trial.

Cross-defendants concede that these defects are of the sort that cannot be raised for the first time on appeal under the holding in *Youngstown Sheet & Tube Co. v. Penn,* 363 S.W.2d 230, 234 (Tex.1963), but they argue that they were not waived because they were presented when the trial court still had power to grant a new trial. We conclude that these defects were matters of form that might easily have been cured if they had been pointed out in the response to the motion for summary judgment and, consequently, that they were waived by cross-defendants' failure to raise them before the interlocutory summary judgment was rendered.

Insofar as the motion for summary judgment failed to specify the grounds, we recognize that it did not comply with rule 166–A(c). Such a failure, however, is not in itself ground for reversal. If the opposing party files an exception to the motion stating that failure to specify the ground for summary judgment leaves him without adequate information for opposing the motion, and this exception is overruled, then he might have a valid complaint on appeal. Here, however, cross-defendants' response contained no such exception. If it had, the defect could easily have been cured by amending the motion. Since no such exception was filed, we hold that this defect was waived. *Spray v. Stash,* 523 S.W.2d 262, 263 (Tex.Civ.App.—Eastland 1975, writ ref'd n. r. e.).

This holding is based on the same principle as that underlying rule 90, Texas Rules of Civil Procedure, which provides that defects in pleading are waived unless specifically pointed out by motion or exception in writing before the charge to the jury or rendition of judgment. Rule 166–A has been amended to require a special set of pleadings for summary judgment purposes. Subdivision (c) requires the motion for summary judgment to state specific grounds and has been further amended, effective January 1, 1978, to provide for an "answer or other response" by the opposing party. The function of these summary-judgment pleadings is to define the issues for the purpose of summary judgment, as the function of the principal pleadings is to define the issues for the purpose of trial. Consequently, although rule 90 does not specifically refer to summary-judgment pleadings, we hold that the same considerations apply and that defects in the motion are waived if not pointed out by timely exception.

Somewhat different considerations apply to the failure of cross-plaintiffs to support their motion for summary judgment with a properly authenticated copy of the indemnity agreement in question, but we conclude that the principle of waiver applies here also. The cross-claim alleges that the photocopy attached is a true copy

of the indemnity agreement, and McSpedden's affidavit filed in support of the motion states that the allegations in the cross-claim are true. Moreover, this affidavit states that the affiant saw all the parties sign the document attached to the cross-claim. Thus the record contains at least two sworn statements to the effect that the photocopy attached to the cross-claim is a true copy of the agreement on which the cross-claim is based. Technically, of course, the photocopy in this record is only a part of the pleading, and pleadings, even though sworn, are not proper summary-judgment proof under *Hidalgo v. Surety Savings & Loan Ass'n,* 462 S.W.2d 540, 545 (Tex.1971). Nevertheless, we regard this defect as one of form rather than of substance under the holding in *Youngstown Sheet & Tube Co. v. Penn,* 363 S.W.2d 230, 234 (Tex.1963). If cross-defendant had excepted to the affidavit because no properly authenticated copy of the indemnity agreement was attached, as did the complaining party in *Texas Nat'l Corp. v. United Systems Internat'l Inc.,* 493 S.W.2d 738, 739 (Tex.1973), the defect could have easily been cured before the hearing on the motion for summary judgment by filing a properly authenticated copy of the agreement. The policy underlying the rules of civil procedure is that for most procedural errors to be corrected on appeal the complaining party must make his objection in the trial court, when practicable, at a time when the trial judge can correct the error without substantial interference with the judicial process. Applying this policy, the supreme court has held that an objection to rendition of judgment on an incomplete verdict comes too late because it should have been made before the verdict was received and the jury discharged. *Lewis v. Texas Employers Ins. Ass'n,* 151 Tex. 95, 246 S.W.2d 599, 601 (1952). On the same reasoning, we hold in the present case that since cross-defendants failed to point out the defect in the summary judgment proof in their response, or in any other manner, until long after the summary judgment was rendered, the defect was waived.

■ To permit the objection to be raised for the first time in the motion for new trial, as cross-defendants contend, would hinder the efficient administration of justice, as the present record demonstrates The summary judgment in question was rendered on the cross-claim more than a year before the court rendered judgment on the main claim after trial before a jury. On hearing cross-defendant's motion for new trial, the judge could not simply have allowed cross-plaintiffs to cure the defect by amendment or additional filings, giving the cross-defendants additional time to respond, as he might have done at the hearing on the motion for summary judgment. If he had granted a new trial on this ground, he would have had to consider whether to grant a new trial in the main case also, since the posture of the parties at that trial might have been affected by the summary judgment. We are convinced, therefore, that the better rule is that defects of form, such as those in the present motion and its supporting proof, are waived if not pointed out to the court before summary judgment is rendered.

■ We turn now to cross-defendants' points asserting that they raised genuine issues of material fact by their affidavit in opposition to the motion for summary judgment. The main averments of this affidavit are the following:

The said agreement was without consideration for the following reasons:

1. The joint venture and Gar-Dal, Inc. were insolvent at the time of the purported conveyance of cross-plaintiffs' interest in the joint venture and transfer of cross-plaintiffs' stock in Gar-Dal, Inc. to cross-defendants, the interest and stock were worthless and of no value whatsoever, therefore, there was no consideration to support the purported agreement.

2. Cross-defendants were induced into signing the purported agreement by cross-plaintiffs, and in particular, cross-plaintiff, R. L. McSpedden, an attorney, at a time when cross-plaintiffs knew the interests and stock therein mentioned were of no value whatsoever and worthless.

We hold that these conclusory statements are insufficient to raise a fact issue for several reasons. First, the indemnity agreement (which we have held to be properly before the court in absence of any objection to its lack of authentication) recites considerations other than the transfer of the stock, and the affidavit of cross-defendants does not negate such other considerations. Second, the statement that the corporation was insolvent and its stock worthless does not establish lack of consideration. The indemnity agreement in question shows on its face that it was made, at least in part, to facilitate an effort to raise capital for the continuing operations of the corporation. Thus, although the enterprise may have been in difficulty, the corporation was evidently still functioning, and cross-defendants, like other stockholders, could evaluate its prospects. If they agreed to give their indemnity to cross-plaintiffs in consideration of a transfer of cross-plaintiffs' stock, that agreement cannot be said to lack consideration because cross-defendants' evaluation of the corporation's prospects turned out to be inaccurate. Third, the assertion that cross-plaintiff McSpedden knew that the stock was worthless is not competent summary-judgment proof, since it states an opinion about McSpedden's state of mind, a matter on which the affiants could not have had direct personal knowledge. Fourth, even if McSpedden and the other cross-plaintiffs had regarded the stock as worthless at that time, there is no summary-judgment proof that the transaction was "tantamount to fraud," as cross-defendants assert in their brief, since there is no evidence that cross-defendants did not have the same information as cross-plaintiffs concerning the financial affairs of the corporation, of which they were all stockholders. The fact that McSpedden was a lawyer gives rise to no inference that he was in a superior position to determine the value of the stock or that he took an unconscionable advantage of cross-defendants in obtaining their signatures on the indemnity agreement. For all these reasons, we hold that the opposing affidavit is insufficient to raise any genuine issue of material fact.

Affirmed.

ROBERTSON, J., not sitting.