E. R. REECE, Petitioner,

v.

**FIRST STATE BANK OF DENTON,**
Texas, Respondent.

No. B–7173.

Supreme Court of Texas.

May 17, 1978.

Royce Coleman, Denton, for petitioner.

Kelsey, Wood & Gregory, D. Michael Gregory and Richard H. Kelsey, Denton, for respondent.

DENTON, Justice.

This is a suit brought by First State Bank of Denton, Texas, against E. R. Reece on a continuing guaranty contract. The question presented is whether Reece is liable on his continuing guaranty for corporate indebtedness when a subsequent promissory note was forged. After a jury trial, the court withdrew the case from the jury and rendered judgment against Reece and in favor of the bank for the remaining indebtedness on a delinquent corporate note plus attorney's fees. The court of civil appeals affirmed. 555 S.W.2d 929. We affirm the judgment of the court of civil appeals.

E. R. Reece was a twenty-five per cent stockholder and vice-president of Denton County Tractor Company. To secure a line of credit from the plaintiff bank for the corporation, Reece executed a continuing guaranty for corporate indebtedness up to $25,000. Pursuant to this agreement, a $25,000 loan was made to the tractor company which was subsequently repaid. A second loan was later negotiated by Mac McGee, who was corporate secretary of the tractor company and apparently managed the corporation's day to day affairs. McGee was not authorized to contract for loans for the corporation by the articles of incorporation or board resolution. Only Lavell Smith, the president; E. R. Reece, the vice-president; and Joe Reece, the treasurer, were empowered by a specific board of directors resolution to negotiate and procure loans from the plaintiff bank.

Because of McGee's lack of authority to contract for the loan, the bank refused to make the loan unless E. R. Reece signed the note as an officer of the corporation. McGee brought back a note purportedly signed by Reece, but the bank does not dispute Reece's testimony that the signature was forged. The bank was unaware of the forgery and did not contact Reece at any time to verify the signature. Based upon the note with the forged signature of Reece, and the guaranty contract undisputedly signed by Reece, the bank supplied $8,680.32 to an automobile dealer for the tractor company's purchase of two automobiles. Title to the vehicles was taken in the name of the tractor company and several payments were made on the note by the corporation. When the note became delinquent, the bank foreclosed on the two automobiles and sold them, crediting the proceeds to the note. Since the corporation had become insolvent, the bank brought this suit against E. R. Reece on his guaranty contract.

Reece's continuing guaranty contract provided:

In Consideration of the First State Bank of Denton, Texas at my request, giving or extending terms of credit to Denton County Tractor Co. of Denton, Texas, hereinafter called "debtor," I hereby give this continuing guaranty to the First State Bank, Denton, Texas, hereinafter called "Bank," its transferees or assigns, for the payment in full, together with all interest, attorney fees, other fees, and charges of whatsoever nature and kind, *of any indebtedness*, direct or contingent whether secured and unsecured, *of said debtor* to said Bank up to the amount of Twenty five thousand and no/100 Dollars ($25,000.00), whether due or to become due, and whether now existing or hereafter arising . . . for payment of the said indebtedness precisely as if the same had been contracted and was due or owing by me in person, hereby agreeing to and binding myself, my heirs and assigns, by all terms and conditions contained in any note or notes *signed or to be signed by said debtor*, making myself a party thereto. . . .

[Emphasis added]. Despite the fact that Reece's signature on the promissory note was forged, the courts below held that Reece as guarantor was not discharged from liability. They relied upon *Universal Metals & Machinery, Inc. v. Bohart*, 539 S.W.2d 874 (Tex.1976), to reach this conclusion.

In *Bohart*, the guarantors of a specific corporate promissory note were held liable even though the maker's signature was forged. Since it was an absolute and unconditional guaranty of *payment*, this Court held that the guarantor was not freed from liability because of the forged signature of the maker. The reasoning behind this is that a guarantor of payment is akin to a co-maker in that both are primary obligors, and the holder of the note can enforce it against either party. *See* Tex.Bus. & Comm.Code Ann. § 3.416(a) (Vernon 1968); *Hopkins v. First National Bank At Brownsville*, 551 S.W.2d 343 (Tex.1977); *Universal Metals & Machinery, Inc. v. Bohart, supra.* Reece contends, however, that *Bohart* is distinguishable on its facts because it involved the guaranty of a specific note which was forged, rather than the continuing guaranty of notes of a certain debtor.

We agree that a guarantor may require that the terms of his guaranty be strictly followed and that he is not bound by a new or different contract. The rule of strictissimi juris applies so that the guaranty agreement is strictly construed and may not be extended beyond its precise terms by construction or implication. *McKnight v. Virginia Mirror Co.*, 463 S.W.2d 428 (Tex. 1971); *Jarecki Mfg. Co. v. Hinds*, 295 S.W. 274 (Tex.Civ.App.—Eastland 1927), *writ dism'd*, 6 S.W.2d 343 (Tex.Com.App.1928, judgmt adopted).

In this case, Reece agreed to guarantee "any indebtedness" of Denton County Tractor Company. Thus, by virtue of his continuing guaranty agreement, Reece became liable as a primary obligor for any indebtedness to the bank of the tractor company. Although we disagree with the

reasoning of the court of civil appeals that *Bohart* requires that a continuing guaranty makes the guarantor liable on any future note which is forged, we agree with the result in this case. That is, if a note purportedly executed by the tractor company was in fact forged, Reece would not be liable as a guarantor unless: (1) it was shown that, as in *Bohart*, he expressly guaranteed that specific note; or (2) that the note, even though forged, was a corporate "indebtedness." The forged note could be shown to be a corporate indebtedness by proving that the corporation adopted or ratified the act of executing the note in its name. We hold that although Reece did not guarantee this specific forged note, he is liable as a guarantor of it because it was conclusively shown that the corporation ratified the execution of the note, making it an indebtedness of the tractor company. As stated above, it was shown that title to the vehicles was taken in the corporate name and that payments were made on the note from the corporation's bank account. The corporation was undoubtedly the knowing beneficiary of the loan proceeds. Therefore, the note was a corporate indebtedness and Reece is liable as a guarantor.

The judgment of the court of civil appeals is affirmed.