The FROST NATIONAL BANK OF SAN ANTONIO, Appellant,

v.

Donald JOHNSON, Appellee.

No. 08–86–00102–CV.

Court of Appeals of Texas, El Paso.

Feb. 18, 1987.

Rehearing Denied March 18, 1987.

Timothy Patton, Groce, Locke & Hebdon, San Antonio, for appellant.

H. Christopher Mott, Hagans, Ginnings, Birkelbach, Keith, et al., El Paso, for appellee.

Before SCHULTE, FULLER and WOODARD, JJ.

## OPINION

FULLER, Justice.

In a suit over a guaranty agreement, the trial court granted summary judgment for

the guarantor. Appellant Frost National Bank of San Antonio appeals that decision. We affirm the judgment of the trial court.

On November 24, 1981, Appellee Donald M. Johnson executed a guaranty agreement to the First National Bank of Midland, Texas, as creditor, obligating himself to pay "any and all indebtedness ... which JDJ Drilling Company ... may now or at any time hereafter owe said Creditor...." Approximately six and one-half months later, on July 8, 1982, JDJ Drilling Company executed two promissory notes, totaling over $7,500,000.00, payable to the First National Bank of Midland. Approximately two years after the signing by Appellee of the guaranty agreement, the First National Bank of Midland on June 15, 1983, assigned the above notes to Appellant along with the security agreement and Appellee's guaranty agreement. In October, 1983, the First National Bank of Midland was declared insolvent and FDIC (Federal Deposit Insurance Corporation) became the corporate successor to the First National Bank. In 1983, JDJ Drilling Company filed a Chapter 11 bankruptcy petition in the United States Bankruptcy Court, and FDIC filed a proof of claim in that proceeding claiming that JDJ Drilling Company was indebted to the First National Bank, and therefore FDIC, in the amount of $873,323.44. The two promissory notes executed by JDJ Drilling Company and assigned to the Appellant became in default, and Appellant filed suit against Appellee on the guaranty agreement. Appellee filed its motion for summary judgment based on the terms of the guaranty agreement, and the trial court granted Appellee's motion for summary judgment. Appellant then filed this appeal.

Points of Error Nos. One and Two contend that the trial court erred in granting summary judgment because the paragraph relied on by the Appellee in the guaranty agreement is ambiguous. The particular paragraph involved states as follows:

This guaranty shall inure to the benefit of the transferee, assignee, or holder of the principal debt; however, all indebtedness to the Creditor shall first be paid in full, before the assignee of any debt

guaranteed shall receive any benefit of this contract of guaranty.

Appellee urged successfully in the trial court that Appellant was not entitled to recover until the condition precedent in the above quoted paragraph was satisfied. In other words, Appellee urged and still urges that until JDJ Drilling Company pays all it owes to the creditor First National Bank of Midland, or now its corporate successor FDIC, the assignee/Appellant cannot recover against Appellee under the guaranty agreement. Appellant urges the Court to find that this paragraph is ambiguous and, therefore, the trial court erred in granting summary judgment.

■■■ We find that the paragraph is not ambiguous. It has a clear and distinct meaning and should be strictly construed. *Coker v. Coker*, 650 S.W.2d 391 (Tex.1983); *Reece v. First State Bank of Denton*, 566 S.W.2d 296 (Tex.1978). The same guaranty agreement paragraph has been construed by the United States Court of Appeals in *Federal Deposit Insurance Corp. v. Matheson*, 804 F.2d 1382, at 1384 (5th Cir. 1986), to mean: "If a loan to one customer is partially transferred to another bank, paragraph 7 provides that the second bank cannot proceed against the guarantor unless 'all indebtedness to the Creditor has been paid in full.'" When Appellee executed the guaranty agreement some six months before the two promissory notes in question were executed, it was to cover any and all debts of JDJ Drilling Company to First National Bank of Midland then and thereafter incurred. Points of Error Nos. One and Two are overruled.

Appellant by Point of Error No. Three claims the First National Bank of Midland waived the condition precedent when the notes and guaranty agreement were assigned to the Frost National Bank of San Antonio. This contention was not raised in the trial court; therefore, it is waived. Rule 166–A(c), Tex.R.Civ.P.; *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671 (Tex.1979).

■■■ Furthermore, it would appear that the First National Bank of Midland was not

inclined to waive or give up anything. With the assignment of the notes, the First National Bank of Midland assigned the security agreement without recourse. When it came to assigning Appellee's guaranty agreement, the First National Bank of Midland assigned it to the Appellant not only without recourse, but without warranty. Point of Error No. Three is overruled.

By Point of Error No. Four, Appellant claims that Appellee lacked standing to assert Appellant's failure to satisfy the condition precedent in the guaranty agreement.

 Appellee, as a guarantor, is entitled to see that the terms of his guaranty are strictly followed. *Reece v. First State Bank of Denton*, supra. Point of Error No. Four is overruled.

Point of Error No. Five claims that the guaranty agreement is ambiguous regarding whether the assignment of the notes and guaranty agreement by First National Bank to Appellant waived the condition precedent. This contention was not raised in the trial court and therefore is waived. Rule 166–A(c), Tex.R.Civ.P. Point of Error No. Five further contends that Appellee does not have standing to raise the defense of failure of the condition precedent. As already stated, the guaranty agreement is not ambiguous, and clearly the parties thereto intended the condition precedent to be complied with before the guaranty agreement could be enforced. Point of Error No. Five is overruled.

Point of Error No. Six complains that the summary judgment evidence did not establish as a matter of law that JDJ Drilling Company is in debt to the First National Bank of Midland.

 Appellant did not object to or question Appellee's summary judgment proof that JDJ Drilling Company was still indebted to First National Bank, hence FDIC. Therefore, the Appellant, making no objection to such proof that was made in the trial court, cannot now raise for the first time defects in the form of the proof submitted to the trial judge. Rule 166–A(e), Tex.R.Civ.P.; *Jones v. McSpedden*, 560

S.W.2d 177 (Tex.Civ.App.—Dallas 1977, no writ). Point of Error No. Six is overruled.

 Point of Error No. Seven contends that the trial court erred in entering a take nothing judgment rather than abatement or dismissal without prejudice. Appellee was entitled to a dismissal or a take nothing judgment due to Appellant's failure to prove satisfaction of the condition precedent in the guaranty agreement. Appellant failed to request abatement or dismissal without prejudice at the trial court level; therefore, we waive this issue. Rule 166–A(c), Tex.R.Civ.P. Point of Error No. Seven is overruled.

The judgment of the trial court is affirmed.