William **BARFIELD**, Appellant,

v.

**CITY OF LA PORTE**, Appellee.

No. 6–92–069–CV.

Court of Appeals of Texas,
Texarkana.

Feb. 2, 1993.

Rehearing Denied March 16, 1993.

Timothy Hootman, La Porte, for appellant.

C. Charles Dippel, Houston, for appellee.

Before CORNELIUS, C.J., and BLEIL and GRANT, JJ.

## OPINION

GRANT, Justice.

William Barfield appeals from an adverse summary judgment. Barfield sued the City of La Porte under TEX.REV.CIV.STAT. ANN. art. 8307c (Vernon Supp.1993), which provides a cause of action for employees who are discharged in retaliation for making workers' compensation claims.

The City of La Porte employed Barfield as a paint-and-body repairman in the City's maintenance garage. In 1983, Barfield was injured and hospitalized. He filed a claim with the State's Industrial Accident Board. About two months after the accident, he returned to work but was restricted to lifting fifteen pounds or less. In 1986, the injury was aggravated, and Barfield filed another compensation claim. The City subsequently dismissed him. Barfield alleges that he was told he was fired for filing the workers' compensation claims. The City argues that Barfield was unable to continue in his position so it replaced him with a temporary employee. The City contends that when Barfield was unable to return to work in twelve months, his termination became permanent. The court below did not reach the merits of the

case but rather granted summary judgment on the basis of sovereign immunity.

■ In reviewing a summary judgment, appellate courts in Texas should resolve any doubts in favor of the nonmoving party. *Gonzalez v. Mission American Ins. Co.*, 795 S.W.2d 734, 736 (Tex.1990). The motion and supporting affidavits must establish that the movant is entitled to judgment as a matter of law. *Anderson v. Snider*, 808 S.W.2d 54, 55 (Tex.1991).

■ This case requires us to construe two sections of TEX.REV.CIV.STAT.ANN. art. 8309h (Vernon Supp.1993). In general, Article 8309h makes the workers' compensation laws of this State applicable to political subdivisions and municipalities.

Section 3(c) of Article 8309h[1] incorporates by reference Article 8307c.[2] That latter statute prohibits the discharge of an employee for filing a workers' compensation claim, and it provides a cause of action for an employee victimized by such retaliation. Because Article 8309h adopts Article 8307c, it would appear that the Legislature intended to extend this protection and cause of action to municipal employees. That is, the City would be liable for Barfield's discharge if it was in retaliation for his workers' compensation claims.

Section 3(e) of Article 8309h makes the article subject to the Texas Tort Claims Act. Section 3(e) provides specifically:

Nothing in this Act or the Texas Workers' Compensation Act (S.B. No. 1, Acts of the 71st Legislature, 2nd Called Session, 1989) *shall be construed to authorize causes of action or damages against a political subdivision* or employee of a political subdivision *beyond the actions and damages authorized by the Texas Tort Claims Act* (Chapter 101, Civil Practice and Remedies Code).

(Emphasis added). The only causes of action authorized by the Texas Tort Claims Act are (1) claims for property damage, personal injury, and death caused by acts or omissions of a governmental employee arising out of the use of motor vehicles or equipment; and (2) claims for personal injury or death caused by a condition or use of tangible personal or real property that the governmental unit controls. *See* TEX.CIV. PRAC. & REM.CODE ANN. §§ 101.021, 101.022 (Vernon 1986).

■ Barfield argues that the Texas Tort Claims Act expressly provides for his wrongful discharge action in TEX.CIV.PRAC. & REM.CODE ANN. § 101.028 (Vernon 1986), which states:

A governmental unit that has workers' compensation insurance or that accepts the workers' compensation laws of this state is entitled to the privileges and immunities granted by the workers' compensation laws of this state to private individuals and corporations.

But, Section 101.028 makes no reference to *liabilities* owed *by* governmental units. Rather, it refers to *privileges and immunities* owed *to* governmental units. Barfield has referred us to no case, nor have we found any, in which Section 101.028 has been held to create new liabilities for governmental units under the workers' compensation laws. *Cf.* Sylvia M. Demarest, *The History of Punitive Damages in Texas*, 28 S. TEX.L.REV. 535, 561 (1987). Also, Section 101.028 has been held not to be a waiver of governmental immunity in tort suits, as opposed to administrative claims

---

1. TEX.REV.CIV.STAT.ANN. art. 8309h, § 3(c) (Vernon Supp.1993) provides:

Chapter 115, Acts of the 62nd Legislature, Regular Session, 1971 (Article 8307c, Vernon's Texas Civil Statutes), is adopted *except to the extent it is inconsistent with this article.* (Emphasis added).

2. TEX.REV.CIV.STAT.ANN. art. 8307c (Vernon Supp. 1993) provides:

Sec. 1. No person may discharge or in any other manner discriminate against any employee because the employee has in good faith filed a claim, hired a lawyer to represent him in a claim, instituted, or caused to be instituted, in good faith, any proceeding under the Texas Workmen's Compensation Act, or has testified or is about to testify in any such proceeding.

Sec. 2. A person who violates any provision of Section 1 of this Act shall be liable for reasonable damages suffered by an employee as a result of the violation, and an employee discharged in violation of the Act shall be entitled to be reinstated to his former position. The burden of proof shall be upon the employee.

Sec. 3. The district courts of the State of Texas shall have jurisdiction, for cause shown, to restrain violations of this Act.

for workers' compensation. *Bridges v. Texas A & M Univ. System,* 790 S.W.2d 831, 834 (Tex.App.–Houston [14th Dist.] 1990, no writ).

■ Barfield also argues that, since Article 8309h, § 3(e) was adopted after his cause of action arose, a savings clause preserves his cause of action. Yet Barfield cites us to no savings clause, and neither Article 8307c nor Article 8309h contains a savings clause. Although Article 8309h, § 3(e) did not take effect until 1991, subsequent to Barfield's termination and the accrual of his cause of action, it still cuts off his claim. If a cause of action is based on a statute, the repeal or amendment of that statute without a savings clause for pending suits is given immediate effect. *Knight v. International Harvester Credit Corp.,* 627 S.W.2d 382, 384 (Tex.1982). If final relief has not been granted before the repeal or amendment goes into effect, it cannot be granted thereafter. *Id.* at 384.

■ The Texas Tort Claims Act provides exceptions to governmental immunity. The causes of action set forth therein in no way cover workers' compensation types of recovery. The limitation on the amount of damages as set forth in Tex.Civ.Prac. & Rem.Code Ann. § 101.023 (Vernon 1986 & Supp.1993) is also limited to the types of negligence actions set forth above. If the causes of action and damages are limited to those specifically set forth in the Texas Tort Claims Act, then all workers' compensation causes of action and damages would be excluded. Section 101.003 of the Texas Tort Claims Act, however, states that the remedies authorized by that Act are in addition to any other legal remedies. Tex. Civ.Prac. & Rem.Code Ann. § 101.003 (Vernon 1986). This would suggest that the Texas Tort Claims Act permits other statutory remedies against governmental entities.

On the other hand, an interpretation that limits the causes of action to those specifically set forth in the Texas Tort Claims Act totally eliminates the meaning of any references to a wrongful discharge cause of action under the Workers' Compensation Act.

The Legislature not only adopted specifically the section of law providing for an action for wrongful discharge, but again in Article 8309h, § 3(d) states that "A person may not bring an action for wrongful discharge under both" the Workers' Compensation Act and the State's Civil Rights Act (Tex.Rev.Civ.Stat.Ann. art. 6252–16a (Vernon Supp.1993)).

■ There is an apparent conflict between the limitation expressed concerning the Texas Tort Claims Act and the specific provisions adopted by the same legislation. We are required to reconcile and harmonize apparently conflicting statutory provisions, if it is reasonably possible, so that every enactment may be given effect. We will not presume that the Legislature meant to do a useless act or enact a meaningless statute. In searching for reconciliation between these two provisions, we considered the possibility that the Legislature intended to allow the courts to enjoin an improper discharge under the Act but not to grant damages. However, the right to obtain an injunction itself would be a cause of action not granted by the Texas Tort Claims Act.

We have also considered the possible construction that only governmental entities engaged in a proprietary function would be liable for wrongful discharge. However, there is nothing in the legislation differentiating between governmental units performing governmental functions as opposed to proprietary functions. Furthermore, the Texas Tort Claims Act does not so specify. This approach raises numerous questions which are not answered by the legislation.[3]

3. Some examples of issues that would arise under a proprietary-governmental construction which are not dealt with in the legislation are as follows:

(1) Is the coverage of this provision of the Workers' Compensation Act dependent upon the type of occupation in which the employee is involved?

(2) Is the coverage of workers' compensation itself a governmental function? This was the conclusion reached by the El Paso Court of Appeals in *Wallace v. City of Midland,* 836 S.W.2d 641 (Tex.App.–El Paso 1992, writ denied).

(3) Does it matter whether the employee was performing governmental functions or proprietary functions at the time that he or she was injured?

(4) Was the firing itself a governmental function?

We conclude that nothing in the legislation suggests a statutory construction based upon the proprietary-governmental dichotomy.

 Section 312.006 of the Government Code provides that the revised statutes shall be liberally construed to achieve their purpose and to promote justice. TEX.GOV'T CODE ANN. § 312.006 (Vernon 1988). In construing a statute, one provision will not be given a meaning out of harmony or inconsistent with the other provisions, even though it might be susceptible to such construction if standing alone. *City of West Lake Hills v. Westwood Legal Defense Fund,* 598 S.W.2d 681 (Tex.Civ.App.–Waco 1980, no writ). It seems a strained interpretation to determine that the Legislature did not intend in any way to make the political subdivisions liable for wrongful discharge. It is the duty of the court to construe a statute with reference to the object to be accomplished and evils to be remedied. TEX.GOV'T CODE ANN. § 312.005 (Vernon 1988). The purpose of Article 8309h is to make the workers' compensation laws applicable to the State of Texas and its subdivisions. The specific purpose of Article 8307c (incorporated by reference in Article 8309h) is to protect against discrimination of workers who exercise their rights under the Workers' Compensation Act. This purpose is defeated if it is determined not to apply to workers covered under the Act.

We do not suggest that the reference to the Texas Tort Claims Act has no significance, but we are not inclined to construe it to eliminate totally the statutory remedy for wrongful discharge of employees of the State and political subdivisions, including municipalities.

We reverse the summary judgment rendered by the trial court and remand the cause to the trial court for a trial on the merits.

(5) Does it matter whether the employee was performing governmental functions or proprietary functions at the time he or she was injured?

(6) Does it matter whether the employee was performing governmental functions or proprietary functions at the time that he or she was discharged?

(7) What if the employee was not doing any type of work at the time of the discharge because the City had refused to allow the employee to come back to work?