Carol CLASSEN, Appellant,

v.

IRVING HEALTHCARE SYSTEM, Appellee.

No. 05–92–01956–CV.

Court of Appeals of Texas, Dallas.

Aug. 25, 1993.

Rehearing Denied Nov. 16, 1993.

Steven J. Williams, Irving, for appellant.

Michael W. Huddleston, Dallas, Teresa Bohne, Irving, Jeff W. Ryan, Dallas, for appellee.

Before KINKEADE, CHAPMAN and BARBER, JJ.

## OPINION

KINKEADE, Justice.

Carol Classen appeals a take nothing summary judgment granted by the trial court in favor of Irving Healthcare System (IHS). In four points of error, Classen asserts that the trial court erred in granting the summary judgment because: (1) article 8307c of the Texas Workers' Compensation Act was specifically adopted for and applies to political subdivisions and is enforceable against IHS, (2) the affidavit of Sally D. Hill in support of IHS's motion for summary judgment was inadmissible summary judgment evidence, and (3) she raised fact issues in her affidavit that should have precluded summary judgment. Concluding there is no merit in Classen's points of error, we affirm the trial court's judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

The City of Irving, Texas passed an ordinance pursuant to its powers under article 4437e(3) of the Texas Revised Civil Statutes creating IHS. Classen worked for IHS. On June 2, 1990, while employed by IHS, Classen slipped and fell at work, injuring herself. She received benefits under the Texas Workers' Compensation Act as a result of those injuries. On November 15, 1991, nearly one and one-half years later, IHS terminated Classen. IHS asserted that it discharged her for insubordination. Classen alleged that IHS terminated her for hiring a lawyer and exercising her rights under the Texas Workers' Compensation Act. Classen sued IHS for (1) violation of article 8307c of the Texas Workers' Compensation Act and (2) intentional infliction of emotional distress resulting from the manner in which she was terminated. IHS filed a motion for summary judgment contending that Classen's claims were barred by the doctrine of sovereign immunity. The trial court granted IHS's motion for summary judgment.

Classen's points of error challenge the granting of IHS's summary judgment only on her article 8307c claim, not on her claim of intentional infliction of emotional distress. Classen does not assert a general point of error contending that the trial court erred in granting IHS's motion for summary judgment. Classen does not attack the legal sufficiency of IHS's grounds for summary judgment.

## ARTICLE 8307c CLAIM

In her first two points of error, Classen contends that the trial court erred in granting IHS's motion for summary judgment on her claim under article 8307c of the Texas Workers' Compensation Act because that article was specifically adopted for and applies to political subdivisions and is enforceable against IHS. Classen relies upon *Barfield v. City of La Porte*, 849 S.W.2d 842 (Tex.App.—Texarkana 1993, n.w.h.) and *City of La Porte v. Prince*, 851 S.W.2d 876 (Tex.App.—Waco 1993, n.w.h.) in support of her argument.

### Summary Judgment Standard of Review

In reviewing the trial court's ruling on IHS's motion for summary judgment with respect to Classen's article 8307c claim, we apply the following standards:

1. The movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.

2. In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the nonmovant will be taken as true.

3. Every reasonable inference must be indulged in favor of the nonmovant and any doubts resolved in its favor.

*See Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex.1985). We will reverse the summary judgment and remand the cause for a trial on the merits if the summary judgment was improperly granted. *Tobin v. Garcia*, 159 Tex. 58, 63–64, 316 S.W.2d 396, 400 (1958).

The summary judgment rule does not provide for a trial by deposition or affidavit. The rule provides a method for summarily ending a case involving only a question of law and no genuine material fact issue. *Gaines v. Hamman*, 163 Tex. 618, 626, 358 S.W.2d 557, 563 (1962). The trial court's duty is to determine if there are any material fact issues to try, not to weigh the evidence or determine its credibility and try the case on affidavits. *Gulbenkian v. Penn*, 151 Tex. 412, 416, 252 S.W.2d 929, 931 (1952). The purpose of the summary judgment rule is to eliminate patently unmeritorious claims or untenable defenses. The rule is not intended to deprive litigants of their right to a full hearing on the merits of any real issue of material fact. *Id.*, 252 S.W.2d at 931.

To show its right to a summary judgment, a defendant as movant must either disprove an essential element of the plaintiff's cause of action as a matter of law or establish all the elements of its defense as a matter of law. *Gibbs v. General Motors Corp.*, 450 S.W.2d 827, 828 (Tex.1970); *Pinckley v. Gallegos*, 740 S.W.2d 529, 531 (Tex.App.—San Antonio 1987, writ denied). The plaintiff as nonmovant need not answer or respond to a motion for summary judgment to contend on appeal the grounds expressly presented by the defendant's motion are insufficient as a matter of law to support summary judgment. But, a plaintiff may not raise any other issues as grounds for reversal. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex.1979). Except to attack the legal sufficiency of the movant's grounds for summary judgment, the nonmovant must expressly present to the trial court any reason for avoiding the movant's entitlement to summary judgment. The nonmovant must present summary judgment proof when necessary to show a fact issue. The nonmovant must expressly present to the trial court in a written answer or response to the motion those issues that would defeat the movant's right to summary judgment. Failing to do so, the nonmovant may not assign them as error on appeal. Tex.R.Civ.P. 166a(c); *City of Houston*, 589 S.W.2d at 678–79.

### Article 8307c and Sovereign Immunity

Article 8307c provides that an employee may recover reasonable damages from an employer that terminates the employee for filing a workers' compensation claim or hiring an attorney to represent him

in a workers' compensation claim. TEX.REV. CIV.STAT.ANN. art. 8307c (Vernon Pamph. 1993). Claims under article 8307c are commonly known as wrongful discharge claims. Article 8309h, which concerns workers' compensation insurance for employees of political subdivisions, adopts article 8307c and makes political subdivisions subject to wrongful discharge claims except to the extent that article 8307c is inconsistent with article 8309h. TEX.REV.CIV.STAT.ANN. art. 8309h, § 3(c) (Vernon Pamph.1993).

Article 8309h sets out two limitations to the right of an employee of a political subdivision to bring a wrongful discharge claim. First, the employee cannot bring a wrongful discharge claim and sue under article 6252–16a (the "whistleblower" statute). TEX.REV. CIV.STAT.ANN. art. 8309h, § 3(d) (Vernon Pamph.1993). Second, the Texas Tort Claims Act must authorize a wrongful discharge claim against a political subdivision. TEX.REV.CIV.STAT.ANN. art. 8309h, § 3(e) (Vernon Pamph.1993); see TEX.CIV.PRAC. & REM.CODE ANN. §§ 101.001–.109 (Vernon 1986 & Supp.1993). It is undisputed that IHS is a political subdivision as defined by article 8309h. Accordingly, we must review the summary judgment record to determine whether Classen's wrongful discharge claim against IHS was subject to one of these two limitations in article 8309h.

Classen asserted a wrongful discharge claim against IHS. Classen did not assert a whistleblower claim against IHS. Classen's wrongful discharge claim, therefore, was not precluded by the first limitation under article 8309h.

With respect to the second limitation in article 8309h, we must determine whether the Texas Tort Claims Act authorizes Classen's wrongful discharge claim. TEX.REV. CIV.STAT.ANN. art. 8309h, § 3(e) (Vernon Pamph.1993). The Texas Tort Claims Act prohibits claims against a government unit unless there is a specific waiver of sovereign immunity. TEX.CIV.PRAC. & REM.CODE ANN. § 101.001–.109 (Vernon 1986 & Supp.1993). The Texas Tort Claims Act specifically waives sovereign immunity for government liability for:

(1) property damage, personal injury, and death proximately caused by the wrongful act or omission or the negligence of an employee acting within his scope of employment if:

(A) the property damage, personal injury, or death arises from the operation or use of a motor driven vehicle or motor driven equipment; and

(B) the employee would be personally liable to the claimant according to Texas law; and

(2) personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law.

TEX.CIV.PRAC. & REM.CODE ANN. § 101.021 (Vernon 1986).

Classen's claim does not fall within paragraph (1) because the summary judgment record establishes that her wrongful discharge claim did not arise from "the operation or use of a motor driven vehicle ... or equipment." Her claim does not fall under paragraph (2) because the summary judgment record establishes that a "condition or use of tangible personal or real property" did not cause her injury. Viewing the summary judgment record in the light most favorable to Classen, the evidence establishes there was no waiver of immunity under the tort claims act for her claim.

■■■■ Classen asserts that requiring authority under the Texas Tort Claims Act for her wrongful discharge claim circumvents the legislative intent and clear purpose of the wrongful discharge statute. She says that this and other courts have broadly interpreted the wrongful discharge statute to fulfill its legislative purpose. When construing a statute, we must study the entire act and not assign a meaning to one provision of the statute that conflicts with other provisions if it is reasonable and possible to harmonize

them. *Volunteer Council of Denton State Sch., Inc. v. Berry,* 795 S.W.2d 230, 240 (Tex.App.—Dallas 1990, writ denied). We will give effect to all the words of a statute and not treat any statutory language as surplusage, if possible. *Chevron Corp. v. Redmon,* 745 S.W.2d 314, 316 (Tex.1987).

Under article 8309h, the government clearly and unambiguously waived its immunity for article 8307c wrongful discharge claims only to the extent that such claims are authorized by the Texas Tort Claims Act. TEX. REV.CIV.STAT.ANN. art. 8309h, § 3(e) (Vernon Pamph.1993). If we interpret article 8309h to permit any article 8307c wrongful discharge claim against the government, we would render meaningless the requirement in article 8309h that such a claim must fall within the government's waiver of immunity under the Texas Tort Claims Act. *See* TEX. REV.CIV.STAT.ANN. art. 8309h, § 3(e) (Vernon Pamph.1993). By not requiring an article 8307c wrongful discharge claim against the government to fall within the government's waiver of immunity under the Texas Tort Claims Act, we make article 8307c inconsistent with article 8309h. Inconsistency between articles 8307c and 8309h is expressly forbidden by article 8309h, which provides: "[Article 8307c] is adopted *except to the extent it is inconsistent with this article.*" TEX.REV.CIV.STAT.ANN. art. 8309h, § 3(c) (Vernon Pamph.1993) (emphasis added).

Where conflicts arise between the Texas Workers' Compensation Act and the Texas Tort Claims Act, the Texas Tort Claims Act governs. *See* TEX.REV.CIV.STAT.ANN. art. 8309h, § 3(e) (Vernon Pamph.1993). The summary judgment record shows Classen's right to recover was not consistent with a waiver of sovereign immunity under the Texas Tort Claims Act. *See* TEX.REV.CIV.STAT. ANN. art. 8309h, § 3(e) (Vernon Pamph.1993).

The cases relied upon by Classen in support of her argument that the Texas Tort Claims Act does not bar an article 8307c wrongful discharge claim by a government employee under section 8309h are unpersuasive. In *Barfield,* the Texarkana Court of Appeals concluded that the section of article 8309h that incorporates article 8307c wrongful discharge claims against political subdivisions and the section of article 8309h that requires article 8307c wrongful discharge claims against political subdivisions to be authorized by the Texas Tort Claims Act irreconcilably conflicted because the two sections effectively eliminated the article 8307c cause of action by employees of political subdivisions. *Barfield,* 849 S.W.2d at 845–46. Accordingly, the court concluded that an article 8307c wrongful discharge claim by an employee of a political subdivision need not fall within the Texas Tort Claims Act. *Id.* at 846. The court then stated, "We do not suggest that the reference to the Texas Tort Claims Act has no significance, but we are not inclined to construe it to eliminate totally the statutory remedy for wrongful discharge of employees of the State and political subdivisions, including municipalities." *Id.*

The Texarkana court concluded that a conflict between the Texas Workers' Compensation Act and the Texas Tort Claims Act must be decided in favor of granting a cause of action for wrongful discharge. This conclusion ignores the clear language of the Texas Workers' Compensation Act that requires any conflict be governed by the Texas Tort Claims Act. *See* TEX.REV.CIV.STAT.ANN. art. 8309h, § 3(e) (Vernon Pamph.1993). Article 8309h, the article Classen relies on for recovery, stresses that the tort claims act controls when a claim requires an inconsistent result between that article and the tort claims act. *See* TEX.REV.CIV.STAT.ANN. art. 8309h, § 3(e) (Vernon Pamph.1993).

In *Prince,* the second case relied on by Classen, the Waco Court of Appeals also held that an employee of a political subdivision could bring an article 8307c wrongful discharge claim because the State of Texas had expressly waived sovereign immunity. *Prince,* 851 S.W.2d at 880. The court in *Prince* relied upon section 101.028 of the Texas Tort Claims Act in support of its holding. *Id.* Section 101.028 states:

A governmental unit that has workers' compensation insurance or that accepts the

workers' compensation laws of this state is entitled to the privileges and immunities granted by the workers' compensation laws of this state to private individuals and corporations.

TEX.CIV.PRAC. & REM.CODE ANN. § 101.028 (Vernon 1986). The court interpreted this section as a waiver of sovereign immunity for article 8307c wrongful discharge claims asserted by employees of political subdivisions. *Id.*

■ A statute waiving the government's immunity to suit must do so by clear and unambiguous language. *Duhart v. State*, 610 S.W.2d 740, 742 (Tex.1980). Section 101.028 is not a clear and unambiguous waiver of governmental liability for article 8307c wrongful discharge claims. Privileges and immunities refer to the rights of the State under the Texas Workers' Compensation Act, and section 101.028 makes no reference to a waiver of immunity by governmental units. This section refers to granting the same privileges and immunities to governmental units of individuals and private corporations. No clear waiver of sovereign immunity occurs by extending privileges and immunities to the governmental units covered by the workers' compensation act granted to individuals and corporations. While those privileges and immunities of the Texas Workers' Compensation Act are extended to the government under section 101.028, the limitations of section 101.021 of the tort claims act continue to apply to article 8307c wrongful discharge claims asserted against the government under article 8309h. *See* TEX.REV.CIV. STAT.ANN. art. 8309h, § 3(e) (Vernon Pamph. 1993). Accordingly, we do not find *Prince* persuasive.

We expressly reserve judgment on whether any wrongful discharge action under article 8307c may be fashioned in conformity with the sovereign immunity waivers under the Texas Tort Claims Act. *See* TEX.CIV. PRAC. & REM.CODE ANN. § 101.021 (Vernon 1986). We simply must follow the mandates of both the Texas Workers' Compensation Act and the Texas Tort Claims Act that the Texas Tort Claims Act controls. *See* TEX. REV.CIV.STAT.ANN. art. 8309h, § 3(e) (Vernon Pamph.1993). We further conclude that the claim in this case does not fall within the waiver of immunity provided by the Texas Tort Claims Act. The summary judgment record establishes that Classen's claim is not authorized by the Texas Tort Claims Act. Accordingly, the trial court did not err in granting IHS's motion for summary judgment based on sovereign immunity. We overrule appellant's first and second points of error.

## SUMMARY JUDGMENT EVIDENCE

In her third point of error, Classen contends that the trial court erred in granting summary judgment for IHS because the affidavit of Sally Hill was inadmissible summary judgment evidence. Classen asserts that Hill's affidavit was inadmissible because it did not meet the requirements for an affidavit of an interested witness. In her fourth point of error, Classen contends that the trial court erred in granting IHS's motion for summary judgment because Classen's affidavit raised genuine issues of material fact. She asserts that she raised a fact issue concerning a causal connection between her workers' compensation claim and her termination.

### Affidavit of Interested Witness

■ Rule 166a(c) of the Texas Rules of Civil Procedure provides in part that a summary judgment may be based on uncontroverted testimonial evidence of an interested witness if the evidence is clear, positive, direct, otherwise credible, free from contradictions and inconsistencies, and could have been readily controverted. TEX.R.CIV.P. 166a(c). The uncontroverted affidavit of an interested party will support a summary judgment without a controverting affidavit or an attempt by the nonmovant to avail itself of the opportunity to seek a delay to secure affidavits or take depositions controverting the facts stated by the interested witness. TEX.R.CIV.P. 166a(g); *Longoria v. Texaco,*

**822**

*Inc.,* 649 S.W.2d 332, 335–36 (Tex.App.—Corpus Christi 1983, no writit).

■■■■ Rule 166a(f) provides that defects in the form of affidavits or attachments will not be grounds for reversal unless specifically pointed out by objection by an opposing party with opportunity by the other party, but refusal, to amend. Tex.R.Civ.P. 166a(f). If the nonmovant does not point out to the trial court defects in the form of affidavits or attachments before the trial court renders summary judgment, it waives defects of form. *See Life Ins. Co. v. Gar–Dal, Inc.,* 570 S.W.2d 378, 381 (Tex.1978); *Jones v. McSpedden,* 560 S.W.2d 177, 179 (Tex.Civ. App.—Dallas 1977, no writit). However, legal conclusions and opinions in an affidavit are insufficient to establish the existence of a fact in support of a motion for summary judgment. *See Mercer v. Daoran Corp.,* 676 S.W.2d 580, 583 (Tex.1984); *Jones,* 560 S.W.2d at 180–81.

Because the trial court could properly have granted summary judgment on the ground that Classen's claim did not fall within the tort claims act, only IHS's evidence relating to that issue is relevant. The only relevant evidence was the evidence that Classen's claims were not authorized under the Texas Tort Claims Act.

Classen specifically attacks only the part of the affidavit that addresses Hill's intent, presumably the second sentence of paragraph III, which says, "As [Classen's] supervisor, it was my intent to terminate [her] as a result of insubordinate conduct and because of serious deficiencies in her work performance." Classen shows no relevance of that attacked sentence to the issue of whether her claim falls within the Texas Tort Claims Act.

Paragraph I of Hill's affidavit deals with her competency to make the affidavit and is not challenged. Paragraph II states that Hill was employed by appellee in 1991 and was Classen's supervisor in November 1991. Paragraph II is clear, positive, direct, and readily controvertible. In the first sentence of paragraph III, Hill says that she told

Classen of her termination on November 15, 1991. This statement is also clear, direct, positive, and readily controvertible. The second sentence in paragraph III is not relevant to the issue of whether the claims fall within the Texas Tort Claims Act. In paragraph IV, Hill says that Classen "was not discharged because she had in good faith filed a claim, hired a lawyer to represent her in a claim, instituted, or caused to be instituted, in good faith, any proceeding under the Texas Workmen's Compensation Act." Classen controverted this paragraph in her affidavit, but the statement is irrelevant to the issue of whether the claim is barred by the Texas Tort Claims Act. Because any statements in Hill's affidavit were not relevant to the ultimate issue of whether the claim fell within the Texas Tort Claims Act, the trial court did not err in granting summary judgment despite Classen's objection. We overrule Classen's third point of error.

### Fact Issue

Although Classen's affidavit may have raised a genuine fact issue as to the causal connection between her workers' compensation claim and her termination, it is not a material fact issue. The only relevant fact issue was whether her claim fell within the Texas Tort Claims Act. Whether there was a causal connection between her filing the workers' compensation claim and her termination is irrelevant to whether the claim falls under the Tort Claims Act. We hold that the trial court did not err in granting summary judgment despite Classen's affidavit. We overrule Classen's fourth point of error.

We affirm the trial court's judgment.

CHAPMAN, J., dissents.

CHAPMAN, Justice, dissenting.

I respectfully dissent. I believe that the majority's interpretation of the limitations imposed by article 8309h is too narrow. The majority has ignored section 312.006 of the Government Code, which does not require strict construction of the Revised Civil Stat-

utes, but calls for liberal construction to "achieve their purpose and to promote justice." TEX.GOV'T CODE ANN. § 312.006 (Vernon 1988). I agree with Classen's contention that article 8307c is enforceable against IHS.

Political subdivisions are subject to article 8307c, provided that the Texas Tort Claims Act has authorized a wrongful discharge claim. *See* TEX.REV.CIV.STAT.ANN. art. 8307c (Vernon Pamph.1993); TEX.REV.CIV.STAT. ANN. art. 8309h, § 3(e) (Vernon Pamph.1993). The majority's interpretation of the Workers' Compensation Act and the Texas Tort Claims Act seems to preclude protection for an employee of a political subdivision under the Workers' Compensation Act. *See* TEX. CIV.PRAC. & REM.CODE ANN. § 101.021 (Vernon 1986). There would be few, if any, situations where an employee would be afforded protection under the Workers' Compensation Act if the prerequisite to benefit from the act would be either property damage, personal injury, or death as set forth in Section 101.-021 of the Texas Tort Claims Act.

I agree with the Texarkana court of appeals' resolution of the conflict between the Workers' Compensation Act and the Texas Tort Claims Act in *Barfield v. City of La Porte,* 849 S.W.2d 842 (Tex.App.—Texarkana 1993, n.w.h.). In *Barfield,* the court stated that the purpose of the workers' compensation laws is to protect against discrimination of workers who file claims against their employers. The Legislature enacted article 8309h in order to apply workers' compensation laws to the State and its political subdivisions. The article's purpose would be defeated if the Texas Tort Claims Act were read to completely eliminate any workers' compensation relief to employees in these situations. 849 S.W.2d at 846. Following a more liberal construction of articles 8307c and 8309h, along with the Texas Tort Claims Act, I would reverse the trial court's summary judgment and remand the cause for trial on the merits.