NO. 07-11-00154-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JULY 31, 2012

_____

BANK OF AMERICA, N.A., APPELLANT

v.

LINDA LILLY, APPELLEE

_____

FROM THE 146TH DISTRICT COURT OF BELL COUNTY;

NO. 247955; HONORABLE RICK MORRIS, JUDGE

_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant Bank of America, N.A., appeals from the trial court's judgment granting Linda Lilly's no-evidence motion for summary judgment. We will affirm.

Background

By a December 1997 note, Lilly Homes, Inc. borrowed $100,000 from the bank. The corporation later defaulted on the loan. The bank sued both the corporation and Linda Lilly, who the bank alleged had personally guaranteed the note.[1]

_____

[1] Lilly Homes, Inc. also filed a motion for summary judgment. That motion was denied and the corporation's liability is not at issue in this appeal.

Lilly filed a no-evidence motion for summary judgment on the bank's claim against her on the guaranty. The motion asserted, among other grounds, that the bank had no evidence of the terms of Lilly's purported guaranty and no evidence of the occurrence of the conditions that would give rise to her liability under the guaranty. In its response, the bank submitted and relied on an affidavit of one of its vice presidents, to which was appended what the affidavit said was a true copy of the note containing the personal guaranty. The summary judgment record contains the bank's responses to discovery propounded by Lilly, in which the bank acknowledged it did not have in its possession the original note or guaranty. The guaranty language in the note copy appended to the affidavit is mostly illegible.

The trial court granted Lilly's motion and a final judgment in her favor was later entered. The bank appeals.

Analysis

A no-evidence motion for summary judgment is essentially a pretrial motion for directed verdict, and we apply the same legal sufficiency standard of review. *King Ranch, Inc. v. Chapman,* 118 S.W.3d 742, 750-51 (Tex. 2003); *Gray v. Woodville Health Care Center*, 225 S.W.3d 613, 616 (Tex.App.--El Paso 2006, pet. denied). After the movant specifies which essential elements of the non-movant's case are devoid of evidentiary support, the burden shifts to the non-movant to produce summary judgment evidence raising a genuine issue of material fact regarding each challenged element. *Aguilar v. Morales*, 162 S.W3d 825, 834 (Tex.App.--El Paso 2005, pet. denied). The non-movant meets this burden, thereby defeating the no-evidence motion, by producing

more than a scintilla of evidence in support of each challenged element. *Gray*, 225 S.W.3d at 616. A no-evidence motion is properly granted when the non-movant fails to produce proper summary judgment evidence, or the evidence produced is so weak as to create no more than a mere surmise or suspicion. *Ford Motor Company v. Ridgway,* 135 S.W.3d 598, 601 (Tex. 2004).

On appeal, we conduct a *de novo* review of the trial court's ruling to determine whether the non-movant's evidence demonstrated the existence of a material fact issue on each of the challenged elements. *King Ranch, Inc.*, 118 S.W.3d at 751. When conducting such a review, we must view the evidence in the light most favorable to the non-movant. *Gray*, 225 S.W.3d at 616. When, as here, the trial court fails to specify which no-evidence ground served as the basis for its ruling, we must review each ground raised in the motion, and the judgment will be affirmed if any of the theories prove meritorious. *Id.* at 617.

A guaranty agreement is a person's promise to perform the same act that another person is contractually bound to perform. *Simmons v. Compania Financiera Libano, S.A.*, 830 S.W.2d 789, 792 (Tex. App.--Houston [1st Dist.] 1992, writ denied). A guaranty creates a secondary obligation under which the guarantor promises to answer for the debt of the primary obligor if the primary obligor fails to perform. *Garner v. Corpus Christi Nat'l Bank*, 944 S.W.2d 469, 475 (Tex. App.--Corpus Christi 1997, writ denied). To recover under a guaranty agreement, a plaintiff must show (1) the existence and ownership of the guaranty agreement, (2) the terms of the underlying contract by the holder, (3) the occurrence of the conditions on which liability is based, and (4) the

3

failure or the refusal to perform the promise by the guarantor. *Byrd v. Estate of Nelms*, 154 S.W.3d 149, 157 (Tex. App.--Waco 2004, pet. denied); *Escalante v. Luckie*, 77 S.W.3d 410, 416 (Tex.App.—Eastland 2002, pet. denied).

A guarantor is entitled to have her guaranty strictly construed.[2] *Reece v. First State Bank of Denton*, 566 S.W.2d 296, 297 (Tex. 1978); *Escalante*, 77 S.W.3d at 417. This rule prohibits the extension, by construction or implication, of the guarantor's obligations beyond the precise terms of her agreement. *Escalante*, 77 S.W.3d at 417; *Preston Ridge Financial Services Corp. v Tyler*, 796 S.W.2d 772, 780 (Tex. App.-Dallas 1990, writ denied).

On appeal, the bank maintains its vice president's affidavit and the attached copy of the note were sufficient to preclude summary judgment against it. Lilly argues the document the bank was able to produce, containing no legible language setting out the terms of a guaranty, is no evidence of the conditions on which her liability as guarantor is based.

The printed note agreement consists of several pages. The signatures appear on the second page, where Lilly's signature appears twice. The second signature underlies a paragraph bearing the title, "Personal Guaranty." The paragraph contains

---

[2] *Reece* and other Texas cases refer to this treatment of a guaranty as an application of the rule of *strictissimi juris*. *See Reece*, 566 S.W.2d at 297; *McKnight v. Virginia Mirror Co.*, 463 S.W.2d 428, 430 (Tex. 1971).

about nine lines of text. To us, the text is entirely illegible, even when examined with a strong magnifying glass.[3]

Although the bank's summary judgment evidence showed that the note Lilly signed contained some terms on the subject of a guaranty, we agree with Lilly there is no evidence of the terms of the guaranty agreement. It follows that there is no evidence of the occurrence of the conditions under which Lilly would be liable under the guaranty. *See UBS Fin. Servs. v. Branton,* 241 S.W.3d 179, 186 (Tex.App.—Fort Worth 2007, no pet.) (finding signatory to master account agreement not bound by terms when most of the wording directly above signature was illegible).

The bank's brief also mentions the statement in the affidavit, by which its vice president stated, "The Note included language wherein [Lilly] personally guaranteed the Note." To any degree the bank relies on that statement as evidence, we agree with Lilly that it constitutes merely a legal conclusion and is therefore not competent summary judgment evidence. *See Brownlee v. Brownlee,* 665 S.W.2d 111, 112 (Tex.1984) (affidavits stating legal conclusions, not facts, incompetent summary judgment proof). Moreover, the statement suffers from the same inadequacy as the illegible paragraph from the note agreement; it tells nothing about the terms of the asserted personal guaranty. *See, e.g., Reece*, 566 S.W.2d at 296 (guaranty limited to a maximum dollar amount).

---

[3] The record contains a reporter's record of the summary judgment hearing. The trial judge on that occasion indicated he was able to read a few words.

5

The bank has failed to produce summary judgment evidence raising a fact issue as to the occurrence of the conditions on which Lilly's liability under her asserted personal guaranty would be based.  Summary judgment in her favor was proper.  *Ford Motor Company,* 135 S.W.3d at 601.  We overrule the bank's issue and affirm the judgment of the trial court.


                                                James T. Campbell
                                                      Justice